CITY OF CORSICANA V. CHARLES WILLMAN ET AL.

No. A-1899. Decided January 5, 1949.
(216 S. W. 2d Series, 175.)

378

*J. C. Jacobs,* of Corsicana, for petitioner.

It was error for the Court of Civil Appeals to hold that the charter of the City of Corsicana did not assume the power to annex additional territory by ordinance, and it erred in holding that the citizens who voted for the adoption of the charter did not intend to invest in the commission the power and authority to annex additional territory by ordinance. City of Houston v. State, Ex rel City of West University Place, 176 S. W. (2d) 928; Eppstein v. State, 105 Texas 35, 143 S. W. 144; Empire Gas & Fuel Co., 121 Texas 138, 47 S. W. (2d) 265.

*Pevehouse & McCall,* and *Tyson, Dawson & Dawson,* all of Corsicana, for respondents.

The charter provision of a home rule city is a grant of power and should be strictly construed, and the construction placed upon the charter provision in this case in the Court of Civil Appeals is the most reasonable construction and gives effect to all the language contained therein. Huff v. City of Wichita

Falls, 121 Texas 281, 48 S. W. (2d) 580; S. W. Tel. & Tel. Co. v. City of Dallas, 104 Texas 114, 134 S. W. 321.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This cause is a consolidation of two suits filed by Willmann et al., respondents, against City of Corsicana, petitioner, to enjoin it from enforcing two annexation ordinances, which would extend its limits to include lands owned by respondents. A trial court judgment denying relief was reversed by the court of civil appeals, and judgment was rendered granting the injunctions. 213 S. W. (2d) 155.

Petitioner became a home-rule city by charter adopted in 1917. It is attempting the annexations in question by ordinance alone, that is, without resort to any statutory procedure. Whether the ordinances are valid depends upon a construction of Sec. 2, of petitioner's charter, which reads: "The said limits of the City of Corsicana may be extended so as to take in other territory, by ordinance duly passed by the Commission, in the manner and form as prescribed by the general laws of the State of Texas." Our decision turns on the effect to be given the concluding phrase, "in the manner and form as prescribed by the general laws of the State of Texas." Petitioner contends that the phrase was used to prescribe the manner and form of any annexation ordinance it might pass; respondents insist that it prescribes the manner and form by which annexation itself may be accomplished.

In support of its contention petitioner invokes the doctrine of Last Antecedent. Under that canon of statutory construction a qualifying phrase must be confined to the words and phrases immediately preceding it to which it may be applied without impairing the meaning of the sentence; but the rule is neither controlling nor inflexible. It may be rebutted by the circumstances. It should not be applied without regard to the meaning of the language read as a whole. It is not applicable when a further extension is clearly required by the intent and meaning of the context. 50 Am. Jur., p. 258, sec. 269.

There are circumstances which strongly indicate that petitioner's charter does not mean to refer to the general laws of this state for the manner and form of an annexation ordinance. In the first place, such a reference would be futile. In oral argument counsel for both sides stated that there are only two articles of our statutes that relate in any sense to the manner

and form of city ordinances, namely, Arts. 1012 and 1013, R. S., 1925. So, under petitioner's construction, if its commission wanted to pass an annexation ordinance it would find by turning to Art. 1012 that the style of the enactment must be "Be it ordained by the City Commission of the City of Corsicana", which may be omitted when the ordinance is published in a book. If the commission then felt the need of further information it would learn by reference to Art. 1013 that penal ordinances must be published in the official paper before they can become effective; that ordinances not required to be published take effect after passage unless otherwise provided; that if a city desires to publish its ordinances in book form it need not include any ordinance theretofore published; and that those so published are admissible in evidence without further proof. It is quite obvious, therefore, that the general laws furnish no help whatever as to the manner and form of passing an annexation ordinance. So we cannot agree that the framers of petitioner's charter or the people of Corsicana when they adopted it intended to refer its legislative body to the statutes for information, knowing that none could be found there. We cannot ascribe to them a purpose so vain.

■ On the other hand, Section 13 of petitioner's charter is explicit on the passage of an ordinance. It reads: "The Commission shall adopt such rules for the * * * enactment of ordinances as it may see fit, and a majority vote shall be sufficient for the passage of all ordinances and resolutions, unless otherwise provided, and all meetings of the Commission shall be public, except in executive session. No ordinance shall be passed until it has been read at two separate meetings of said Commission, one of which must be a regular meeting, and said meetings shall be not less than seven days apart, and shall not become a law until signed by the Mayor and attested by the City Secretary, unless the Mayor fails and refuses to sign said ordinance within ten (10) days, in which event the City Secretary shall report said fact to the Commission, and the said ordinance shall be read at a third meeting, and if a majority of the Commission vote to pass said ordinance, it shall become a law, without the signature of the Mayor. The ayes and noes shall be recorded in voting on all ordinances, and said ordinances shall be published at least once, in some newspaper of general circulation in the City of Corsicana, before taking effect." With the procedure thus detailed in the charter, we cannot believe that the framers of the charter meant to refer petitioner's commission to the general laws for instruction as to the manner and form of passing an annexation ordinance. Otherwise, as respondents suggest, "the

Commission is referred away from the guiding points of the charter to the silent emptiness of the general laws."

Moreover, we find that the word *ordinance* is used 36 times in the charter with respect to the commission's authority to regulate many activities and interests of the citizens of Corsicana, yet in Section 2 appears the only instance wherein the word is followed by any provision that it must be in the manner and form prescribed by the general laws. We think that is a strong circumstance against the application of the doctrine of Last Antecedent to the phrase in question.

Therefore, we conclude that the more reasonable construction of Sec. 2, supra, is that the phrase "in the manner and form as prescribed by the general laws of the State of Texas" relates to, modifies and limits the earlier langauage authorizing petitioner to extend its limits "so as to take in other territory." And, by reference to Art. 974, R. S., 1925, petitioner's commission will find a method clearly stated in these words: "When a majority of the inhabitants qualified to vote for members of the State legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor if becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city council may, by ordinance receive them as part of said city * * *."

■ Petitioner offers several objections to this construction. One invokes the canon of statutory construction that, if reasonably possible, effect and meaning must be given to every phrase and word of the act; and insists that to hold that the phrase in question qualifies petitioner's power of annexation is to render meaningless the phrase "by ordinance", because Art. 974, supra, also prescribes that annexation shall be by ordinance. But the proposition is without merit because it is not reasonably possible to give meaning and effect to every phrase and word of Sec. 2, supra, under either suggested construction. For, if petitioner's contention that the phrase "in the manner and form as prescribed by the general laws of the State of Texas" modifies only the passage of an annexation ordinance were sound, the word *duly*, in the phrase "by ordinance duly passed," is rendered meaningless, since it implies the existence of every fact essential to perfect regularity of procedure and the observance of statutory requirements. 28 C. J. S., 585. Or, if the word *duly* be given meaning and effect, the phrase "in the manner and

form as prescribed by the general laws of the State of Texas" become superflous.

Again, petitioner urges that the canons of construction require that where an enactment is susceptible of two constructions, that should be adopted which renders the act valid and effective. In that proposition it overlooks the fact that the validity and effectiveness of an ordinance does not always depend on its being construed in accordance with the contention of one of the litigants. It may be valid and effective under either construction, as it is here.

■ Petitioner also suggests that Art. 974 is inadequate to the city's present purposes because it limits any annexed territory to a width of one half mile, whereas the territory here sought to be annexed is wider than that. The answer to that proposition is that if the statute is inadequate the fault lies with the legislature, not the courts. We have to take the statutes as they are.

■ Petitioner further contends that it has the power of annexation by ordinance because it has full power of local self-government under the Home-Rule amendment and the Enabling Act passed thereunder; and in support it cites Sec. 58, of its charter, which declares that "it shall have and exercise all powers of municipal government not prohibited to it by this Charter or by some general laws of the State of Texas, or by the provisions of the Constitution of Texas." That proposition ignores the fact that petitioner was not obliged to assume full power of local self-government under the Home-Rule amendment but could limit the field of that power, as is made manifest by Sec. 58 itself in the language *"not prohibited to it by this charter."* And the Enabling Act, Art. 1175, R. S., 1925, in enumerating some of the powers of a home-rule city, says this with respect to annexation: "The power to fix boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, *according to such rules as may be provided by said charter."* (Italics ours.) Under that provision petitioner's charter could permit annexation by ordinance alone or it could provide for the method outlined by the statutes. Exercising that option, the framers of its charter chose the latter method when they wrote Sec. 2, supra; and petitioner is bound by that choice until its charter is amended to provide otherwise. That is what distinguishes this case from City of Houston et al v. State, 142 Texas, 190, 176 S. W. (2d), 928, cited by petitioner. There the

charter unconditionally provided that its commission "shall have power by ordinance" to fix its boundaries and to annex additional adjacent territory. Here we have no such provision.

■ We think the more reasonable construction of Section 2 is that it does not give petitioner authority to annex adjacent territory by ordinance but means that annexation must be effected in the manner prescribed by the statutes. We are supported in that holding by the fact, as the court of civil appeals noted, that when petitioner's charter was adopted the usual method of extending city limits was by election, under the general laws.

The judgment of the court of civil appeals is affirmed.

Opinion delivered January 5, 1949.

No motion for rehearing filed.