**Alvin HURT et al., Appellants**

v.

**CITY OF CORSICANA et al., Appellees.**

**No. 3895.**

Court of Civil Appeals of Texas.

Waco.

Sept. 21, 1961.

Rehearing Denied Oct. 12, 1961.

Mays & Jacobs, Corsicana, for appellants.

Don Pevehouse, Corsicana, for appellees.

TIREY, Justice.

This is an appeal from an order denying a temporary injunction. The action is one in behalf of certain individuals and also as class representatives of approximately 100 property owners who reside or own property adjacent to the City of Corsicana, Texas, and they seek to enjoin the city and its officers from passing on second and final reading two ordinances which, when passed on second reading, would annex territory lying west and south of the city. They ground their action on the insufficiency of Section 2 of the present City Charter of Corsicana, a home-rule city, which charter was adopted December 11, 1917, and Section 2 thereof having been amended by the City of Corsicana on June 25, 1949.

The judgment is assailed on three points. They are substantially to the effect that the Court erred:

(1) In refusing to hold that the 1949 amendment to the city charter was insufficient to confer the power granted under Article 1175, Section 2, because neither the charter nor the amendment sets forth any

rules, standard or guide, as is required under such Article and Section.

(2) In refusing to hold the 1949 amendment ineffective to confer the power to annex territory without the consent of the inhabitants thereof because such amendment did not expressly or by necessary implication repeal Section 2 of the original charter as it then existed.

(3) In holding that the 1949 amendment to the city charter was sufficient to confer the power of annexation without consent upon the City Commission, because such amendment did not by express language or by implication grant or accept the power to annex additional territory without the consent of the inhabitants of the territory involved.

We overrule each of appellants' contentions for reasons which we shall hereinafter briefly state. Pertinent to this discussion, Section 2 of the city charter of Corsicana, as adopted December 11, 1917, provided in part as follows:

"Section 2. The City Limits of the City of Corsicana shall be as follows, to-wit: (There follows the perimeter field notes of the corporate limits.)

"The said limits of the City of Corsicana may be extended so as to take in other territory, by ordinance duly passed by the Commission, in the manner and form as prescribed by the general laws of the State of Texas."

Thereafter, on June 25, 1949, said Section was amended, and, as amended, it reads as follows:

"Section 2. The City limits of the City of Corsicana shall be as follows: embracing territory included in the Geo. Hempling, A. Hicks, Peter Summerville, Jesus Ortiz, James Powell, Wiley Powell, Rachel Leach, John Harris, John Harris Harr, Geo. Muse, and Rachel White Surveys of Navarro County, Texas, to-wit: (There follows

the perimeter field notes as expressed in such amendment.)

"The Commission shall have full power to extend said limits and to annex additional territory by ordinance."

Section 2 of the charter as it existed on December 11, 1917, was before this Court in Willman v. City of Corsicana, Tex.Civ. App.1948, 213 S.W.2d 155, in which cause Section 2 aforesaid was construed. The Supreme Court granted a writ of error in this cause and affirmed the decision of this court. See City of Corsicana v. Willmann, 147 Tex. 377, 216 S.W.2d 175, 178. The views of this court were clearly stated in the opinion written by Chief Justice Lester, and, as we stated, the views of this court were affirmed by our Supreme Court. Our Supreme Court, in discussing the question before it, said:

"And the Enabling Act, Art. 1175, R.S.1925, in enumerating some of the powers of a home-rule city, says this with respect to annexation: 'The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter.' * * * Under that provision petitioner's charter could permit annexation by ordinance alone or it could provide for the method outlined by the statutes. Exercising that option, the framers of its charter chose the latter method when they wrote Sec. 2, supra; and petitioner is bound by that choice until its charter is amended to provide otherwise. That is what distinguishes this case from City of Houston et al. v. State [etc.], 142 Tex. 190, 176 S.W. 2d 928, 930, cited by petitioner. There the charter unconditionally provided that its commission 'shall have power by ordinance' to fix its boundaries and to annex additional adjacent territory. Here we have no such provision."

 

That decision by the Supreme Court was in January 1949. On June 25th, 1949, as heretofore stated, Section 2 was amended by the City of Corsicana to comply with the opinion of the Supreme Court. We have previously set out Section 2 as amended, and we think it is in conformity with the pronouncements of our Supreme Court. It is our view that under Section 2, as amended, that the City of Corsicana does have the power to annex property by ordinance, and that the Trial Court properly denied the temporary writ of injunction. Since we are of the view that Section 2 as amended complies with the pronouncements made by our Supreme Court aforesaid, it follows that Points 2 and 3 pass out of the case, and under this view, each of them is overruled. Accordingly, each of appellants' points are overruled and the judgment of the Trial Court is in all things affirmed.