**Elaine Dattner CRONIN et al., Appellants,**

**v.**

**The CITY OF HOUSTON, Appellee.**

**No. 16103.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 10, 1974.

Rehearing Denied Feb. 7, 1974.

Raymond H. Wilson, H. F. Thurow, Houston, for appellants.

William A. Olson, City Atty., Fred Spence, Sr. Asst. City Atty., Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit in trespass to try title. Appellants seek to recover possession of a

certain tract of land which was condemned by the City in 1925 for use as a "fire engine house". They allege that the City acquired only an easement by the condemnation, and that the City, by ceasing to use the property as a fire station, has abandoned the easement.

The City contends that it acquired fee simple title to the tract by the condemnation, but, in the alternative, alleged that it had acquired title by adverse possession.

The case was tried to a jury and judgment was entered that the City had acquired title to certain areas of the tract in controversy by adverse possession; that appellants owned the fee title to a portion of the tract, but that this title was burdened with the easement for fire protection purposes.

On the 8th day of June, 1925, the City Council of the City of Houston, Texas, adopted a Resolution, a portion of which reads:

"Whereas, it is desired to obtain the property hereinafter described for public use, to-wit: for fire engine house purposes in the City of Houston, . . .

"Now, Therefore, Be It Resolved . . .

"Section 1. That it is expedient and necessary that the City of Houston condemn, take and appropriate for public purposes, to-wit: for engine house purposes, a certain tract of land, being Lots 6, 8 and 10 of the Hathaway Addition, Out of the John Austin Two League Grant, SSBB, Houston, Texas, . . .

"Section 2. That the City Attorney is hereby authorized and directed to institute condemnation proceedings against said party hereinabove set forth as being the owner of said parcel or tract of land, and all other persons, if any, claiming or owning any interest in said property, for the purpose of condemning said property in the City of Houston, and shall have all necessary authority for the purpose of acquiring and appropriating said land in said condemnation proceedings.

". . . ."

Thereafter, on July 7, 1925, the City of Houston filed a petition in the County Court at Law, Harris County, Texas, complaining of E. C. Cochran, and alleging:

". . . the plaintiff desires land for public purposes, to-wit: for fire engine house, in the City of Houston, and for that purpose desires to acquire the lands and premises of the Defendant hereinafter described . . ."

"Said lands and premises desired to be condemned for public purposes, to-wit: for fire engine house purposes, and belonging to Defendant, being Lots 6, 8 and 10 of the Hathaway Addition, . . ."

"That Plaintiff and Defendant have been unable to agree on the value of said land."

"Plaintiff represents to the Court that it is necessary to condemn that portion of Defendant's land above described, . . ."

Thereafter commissioners were appointed, an award was made, and objections to the award were filed by the City. The cause was docketed under No. 22832, and filed on August 12, 1925. A judgment was rendered on November 5, 1925. It contains a recitation that the court ". . . finds that the Plaintiff, City of Houston, is entitled to have and condemn the said land for public purposes mentioned in the Plaintiff's petition, to-wit: for a fire engine house and that the reasonable cash market value of the said lands and premises, . . . was . . . the sum of Eleven Thousand ($11,000.00) Dollars."

The judgment then decrees: ". . . that such payment be and is in full compensation for the taking and condemnation

. . . of the following described lands and premises . . ."

"And the said Plaintiff, City of Houston, is hereby adjudged to have the absolute possession, use and control of the said lands and premises above described freed from any claim of the said Defendant, E. C. Cochran."

Prior to the revision of the statutes in 1925 there was no general law of this state with reference to condemnation of property by cities and towns. The only general law with reference to condemnation was the statute relating to condemnation by railroads. The power of eminent domain was conferred on the City of Houston in its charter. Special Acts of The Twenty Ninth Legislature, 1905, c. 17. Art. 4, § 2 of that Act read:

"To effect a condemnation, the same proceedings shall be taken and the same statutes shall govern, so far as applicable, as obtain and apply to the condemnation of lands by railway companies under the general statutes of the State of Texas." See Susholtz v. City of Houston, 37 S.W.2d 728 (Tex.Com.App.1931).

The present Charter of the City, as it appears in the Code of Ordinances of said City adopted December 17, 1968, provides in Article II, Sec. 1: "The City of Houston . . . may take, hold and purchase lands . . . and when deemed expedient, may condemn property for public use, . . . such condemnation proceedings to be governed and controlled by the law now in force in reference to the condemnation of right of way of railway companies . . ."

Until the Revised Statutes of 1925 became effective at 12 o'clock, Meridian, on the 1st day of September, 1925, the power of the City of Houston to condemn property was determined by the provisions of its charter, including the provision making applicable to the City the statutes governing the condemnation of land by railway companies. Susholtz v. City of Houston, 37 S.W.2d 728 (Tex.Com.App.1931).

Prior to the effective date of the Revised Statutes of 1925, certain provisions of the Acts of 1861, p. 12, and G.L. Vol. 5, p. 348, were applicable to condemnation by railway companies, including the following carried into the Revised Statutes:

(1) Art. 3270—"Except where otherwise expressly provided by law, the right secured or to be secured to any corporation or other plaintiff in this State, in the manner provided by this law, shall not be so construed as to include the fee simple estate in lands, either public or private, nor shall the same be lost by the forfeiture or expiration of the charter, but shall remain subject to an extension of the charter or the grant of a new charter without a new condemnation."

(2) Art. 6339—"The right of way secured by condemnation to any railroad company in this State shall not be construed to include the fee simple estate in lands, either public or private, . . ."

By virtue of these statutes it has been said that a railroad cannot take fee title to land in condemnation proceedings. Thompson v. Janes, 151 Tex. 495, 251 S. W.2d 953 (1952).

Section 2(a), Art. II, Charter of the City of Houston provides:

". . . it being intended by this Charter to grant to and bestow upon the inhabitants of the City of Houston and the City of Houston full power of local self government, and it shall have and exercise all powers of municipal government not prohibited to it by its Charter, . . ."

Section 2(b) provides:

"The City shall have all powers that are or hereafter may be granted to municipalities by the Constitution or laws

of Texas; and all such powers, whether expressed or implied, shall be exercised and enforced in the manner prescribed by this Charter, or when not prescribed herein, in such manner as shall be provided by Ordinance or resolution of the Council."

Article 1175, Section 15, Vernon's Ann. Civ.St. (Acts of 1913) authorized home rule cities to acquire fee simple title to property for public purposes in these words:

". . . the power of eminent domain hereby conferred shall include the right of the governing authority, when so expressed, to take the fee in the lands so condemned . . ."

The City of Houston was authorized to condemn fee title to lands in question if the City Council by ordinance or resolution determined that such action was desirable. Burgess v. City and County of Dallas Levee Improvement District, 155 S.W.2d 402 (Tex.Civ.App.-Eastland 1941, writ ref., w. m.); City of Floydada v. Gilliam, 111 S. W.2d 761 (Tex.Civ.App.-Amarillo 1937); McInnis v. Brown County Water Improvement Dist. No. 1, 41 S.W.2d 741 (Tex.Civ. App.-Austin 1931, writ ref.); Isaac v. City of Houston, 60 S.W.2d 543 (Tex.Civ.App.-Galveston 1933, err. dism'd).

The Resolution of the City of Houston of June 8, 1925 was a legislative determination that the City should acquire the fee simple title to the lands described. Throughout the Resolution it speaks of the necessity or desirability of obtaining the property or tract, or parcel of . land, therein described, for a public purpose. Section 2 of the Resolution refers to the "parcel or tract of land" and authorizes the City Attorney to institute condemnation proceedings against the party named as owner and all other persons claiming or owning "any interest" in said property, and granting him all necessary authority "for the purpose of acquiring and appropriating

said land in said condemnation proceeding." We consider that the Council was expressing its desire to acquire title to the "parcel or tract of land," rather than merely a right to use the land for the public purpose mentioned.

In Meaney v. Nueces County Navigation District No. 1, 222 S.W.2d 402 (Tex.Civ. App.-San Antonio 1949, writ ref.), the court construed a statute authorizing the District to condemn "property of any kind" for necessary improvements as empowering the District to acquire fee simple title, and stated:

"It is our duty to ascertain the intent of the legislature from the language used by it and give effect thereto. It is not necessary that the term "fee simple," or other particular and precise words be used to authorize the taking of a fee simple title . . ."

In Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451 (1952), the court stated:

"The one, or the principal, question to be determined is: Did the deed convey to the grantee merely an easement, that is, the right to use the land for a right of way, or did it convey the title in fee? . . . There are two lines of authorities . . . Generally stated, the rules announced by these decisions are:

First, that . . . a deed which by the terms of the granting clause grants, sells and conveys to the grantee a 'right of way' in or over a tract of land conveys only an easement; and second, that . . . a deed which in the granting clause grants, sells and conveys a tract or strip of land conveys the title in fee, even though in a subsequent clause or paragraph of the deed the land conveyed is referred to as a right of way."

Here the City Council authorized the condemnation of a certain "parcel or tract

of land," being Lots 6, 8 and 10 of Hathaway Addition, for a public purpose, to-wit: a fire engine house. The recitation of the public purpose to which the property was to be devoted did not have the effect of limiting the estate to be taken. The judgment awarding the City "the absolute possession, use, and control of the said lands and premises above described freed from any claim of the said defendant, E. C. Cochran" was sufficient to effect a transfer of the fee title when considered in connection with the provision "that such payment be and is in full compensation for the taking and condemnation . . . of the following described lands and premises . . ."

Appellants rely heavily on City of Corsicana v. Willmann, 147 Tex. 377, 216 S.W. 2d 175 (1949), and Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104 (1923), as authority for the proposition that the City of Houston could not acquire fee simple title by condemnation prior to the effective date of the Revised Statutes of 1925. The legislative charter granted the City of Houston provided that in addition to all the powers enumerated in the charter, the City shall have all powers that hereafter may be granted to municipalities by the Constitution or laws of this state. When what is now Article 1175, Section 15, V.A.C.S., was enacted into law in 1913, and the City of Houston having adopted the Home Rule Amendment to the Texas Constitution (Art. 11, Sec. 5), Vernon's Ann.St., the City acquired the power to condemn the fee title to land by following the law of condemnation established for railway companies "so far as is applicable." The cases cited do not require that we reach a different conclusion. The evidence establishes that the City acquired a fee simple title. Burgess v. City and County of Dallas Levee Imp. Dist., supra.

The judgment is reversed and judgment is here rendered that the plaintiffs and intervenors take nothing by this suit.