**William L. SPRADLIN, Appellant,**

**v.**

**JIM WALTER HOMES, INC., Appellee.**

**No. 05–99–00020–CV.**

Court of Appeals of Texas,
Dallas.

Jan. 11, 2000.

---

Jackie L. Williamson, Gonzales, for Appellant.

Larry G. Hyden, Jordan, Hyden, Womble & Culbreth, Corpus Christi, Wallace B. Jefferson, Crofts, Callaway, & Jefferson, San Antonio, for Appellee.

William Charles Bryant, Jenkins & Gilchrist, P.C., Austin, amicus curiae for Texas Ass'n of Builders.

Before Justices LAGARDE, JAMES, and ROACH.

## OPINION

SUE LAGARDE, Justice.

William L. Spradlin appeals the summary judgment declaring the mechanic's lien of Jim Walter Homes, Inc. (Jim Walter) on Spradlin's homestead to be valid and enforceable. Spradlin brings six points of error contending the trial court erred in denying his motion for summary judgment and granting Jim Walter's motion for summary judgment because the construction contract Spradlin executed did not comply with article XVI, section 50(a)(5)(A)-(D) of the Texas Constitution. We overrule Spradlin's points of error and affirm the trial court's judgment.

## FACTUAL BACKGROUND

January 26, 1998, Spradlin contracted with Jim Walter to construct a new residence for him on his homestead. Spradlin later asserted to Jim Walter that its mechanic's lien was void for failing to comply with article XVI, section 50(a)(5)(A)-(D) of the Texas Constitution, which had taken effect on January 1, 1998. Jim Walter sued seeking a declaratory judgment that subparagraphs 5(A)-(D) did not apply to the construction of new improvements and that its mechanic's lien was valid and enforceable. Spradlin filed a counterclaim for a declaratory judgment that the mechanic's lien was invalid and unenforceable. Each side filed a motion for summary judgment. The trial court granted Jim Walter's motion and denied Spradlin's.

## MECHANIC'S LIEN

The only dispute in this case is whether the requirements of article XVI, section 50(a)(5)(A)-(D) of the Texas Constitution apply to the construction of new improvements on homestead property. Those provisions state:

Sec. 50. (a) The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced

sale, for the payment of all debts except for:

\* \* \*

(5) *work and material used in constructing new improvements thereon, if contracted for in writing, or work and material used to repair or renovate existing improvements thereon if:*

(A) the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead;

(B) the contract for the work and material is not executed by the owner or the owner's spouse before the 12th day after the owner makes written application for any extension of credit for the work and material, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing;

(C) the contract for the work and material expressly provides that the owner may rescind the contract without penalty or charge within three days after the execution of the contract by all parties, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing; and

(D) the contract for the work and material is executed by the owner and the owner's spouse only at the office of a third-party lender making an extension of credit for the work and material, an attorney at law, or a title company. . . .

Tex. Const. art. XVI, § 50(a)(5)(A)-(D) (emphasis added).

When interpreting the Texas Constitution, the courts rely heavily on its literal text. *See Republican Party v. Dietz,* 940 S.W.2d 86, 89 (Tex.1997) (orig.proceeding); *Edgewood Indep. Sch. Dist. v. Kirby,* 777 S.W.2d 391, 394 (Tex. 1989). The courts are to give effect to the constitution's plain language. *See Republican Party,* 940 S.W.2d at 89; *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148 (Tex.1995). The courts should avoid a construction that renders any provision meaningless or inoperative and must lean in favor of a construction that will render every word operative, rather than one that may render a phrase meaningless or inoperative. *See Hanson v. Jordan,* 145 Tex. 320, 323, 198 S.W.2d 262, 263 (1946).

In construing the constitutional provision, Jim Walter invokes a rule of construction known as the doctrine of the "last antecedent." Under that doctrine, a qualifying phrase must be confined to the words and phrases immediately preceding it to which it may be applied without impairing the meaning of the sentence. *See City of Corsicana v. Willmann,* 147 Tex. 377, 379, 216 S.W.2d 175, 176 (1949); *Montanye v. Transamerica Ins. Co.,* 638 S.W.2d 518, 521 (Tex.App.-Houston [1st Dist.] 1982, no writ). The application of this rule may be rebutted by the circumstances. *See Willmann,* 147 Tex. at 379, 216 S.W.2d at 176. The rule should not be applied without regard to the meaning of the language read as a whole. *See id.*

Applying the doctrine of the last antecedent to the challenged constitutional provision results in the phrase "if contracted for in writing" qualifying only the language immediately preceding it: "work and material used in constructing new improvements thereon." Likewise, subparagraphs (A)-(D) qualify only the language immediately preceding them: "work and material used to repair or renovate existing improvements thereon." Therefore, under the doctrine of the last antecedent,

subparagraphs (A)-(D) would not apply to the construction of new improvements.

This construction is also supported by the rule that all words in a constitutional provision be given meaning. *See Hanson*, 145 Tex. at 323, 198 S.W.2d at 263. The requirement of a written contract appears both in the qualifying language following "work and material used in constructing new improvements thereon" and in subparagraph (A). Reading subparagraph (A) as applying to new improvements as well as existing improvements would render one of the provisions requiring a written contract meaningless and inoperative. Thus, reading the entire text of article XVI, section 50 supports construing subparagraphs (A)-(D) as applying only to the repair or renovation of existing improvements and not applying to the construction of new improvements.

Spradlin argues that this interpretation removes the statutory requirements of section 53.254 of the property code. Section 53.254 requires that, to fix a lien on a homestead, the written contract for materials and labor must set forth the terms of the agreement, be signed by the owner and the owner's spouse if the owner is married, and be signed before the material is furnished or the labor is performed. *See* TEX. PROP.CODE ANN. § 53.254(a)-(c) (Vernon Supp.2000). No language in article XVI, section 50 indicates an intent to repeal section 53.254 of the property code. Spradlin's argument lacks merit.

Because subparagraphs (A)-(D) apply only to the repair or renovation of existing improvements and not to new improvements, the trial court did not err in granting Jim Walter's motion for summary judgment and in denying Spradlin's. We overrule Spradlin's six points of error.

We affirm the trial court's judgment.