Appellant=s Motion for Rehearing En Banc Denied; Affirmed, Majority and
Concurring Opinions of December 23, 2008 Withdrawn, and Majority and Concurring
Opinions filed February 26, 2009








 

Appellant=s Motion for Rehearing En Banc Denied; Affirmed,
Majority and Concurring Opinions of December 23, 2008 Withdrawn, and Majority
and Concurring Opinions filed February 26, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00736-CV

____________

 

GEORGE SAADE, M.D., MICHAEL
BELFORT, M.D., RAKESH MANGAL, M.D., AND CHARLES MONIAK, M.D., Appellants

 

V.

 

MERCEDES VILLARREAL, AS NEXT FRIEND
OF JUAN PABLO ELIZONDO, A MINOR, Appellee

 

____________

 

NO. 14-07-00926-CV

____________

 

GEORGE SAADE, M.D., MICHAEL
BELFORT, M.D., RAKESH MANGAL, M.D., Appellants

 

V.

 

MERCEDES VILLARREAL, AS NEXT FRIEND
OF JUAN PABLO ELIZONDO, A MINOR, Appellee

 



On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 2007-20855








 



 

C O N C U R R I N G    O P I N I O N

I join in the majority=s analysis and
disposition of the appeal of cause number 14-07-00926-CV, and respectfully
concur in the result reached in cause number 14-07-00736-CV.

To construe a statute, we must ascertain the Legislature=s intent, and we
begin with the plain and ordinary meanings of the words the Legislature
selected.  FKM P=ship, Ltd. v. Bd.
of Regents of the Univ. of Houston Sys., 255 S.W.3d 619, 633 (Tex. 2008); City
of Marshall v. City of Uncertain, 206 S.W.3d 97, 105 (Tex. 2006).  Here,
the relevant statute consists of a single compound sentence in which two
independent clauses are joined by the conjunction Aand@:

A medical and dental unit, supported medical or dental school, or
coordinating entity is a state agency, 

and 

a director, trustee, officer,
intern, resident, fellow, faculty member, or other associated health care
professional or employee of a medical and dental unit, supported medical or
dental school, or coordinating entity is an employee of a state agency for purposes
of Chapter 104, Civil Practice and Remedies Code, and for purposes of
determining the liability, if any, of the person for the person=s acts or
omissions while engaged in the coordinated or cooperative activities of the
unit, school, or entity.

Tex. Health & Safety Code Ann. ' 312.007(a)
(Vernon 2001).  In parsing this sentence, we are governed by the Code
Construction Act.  Id. ' 1.002 (AChapter 311,
Government Code (Code Construction Act), applies to the construction of each
provision in this code except as otherwise expressly provided by this code.@).  








The Code Construction Act contains both mandatory and
discretionary provisions.  Compare Tex.
Gov=t Code Ann. '' 311.016(1) (Vernon 2005) (A>May= creates
discretionary authority or grants permission or a power.@) and 311.023
(listing statutory construction aids that a court Amay@ consider) with
id. '' 311.016(2) (A>Shall= imposes a duty.@) and 311.026(a) (AIf a general
provision conflicts with a special or local provision, the provisions shall
be construed, if possible, so that effect is given to both.@) (emphasis
added).  In one such mandatory provision, the Legislature instructs us that A[w]ords and
phrases shall be read in context and construed according to the rules of
grammar and common usage.@  Id. ' 311.011(a).  

One such grammatical rule is the doctrine of the last
antecedent, under which a limiting clause or phrase should ordinarily be read
as modifying only the noun or phrase that it immediately follows.  Barnhart
v. Thomas, 540 U.S. 20, 26 (2003).  See also 2A N. Singer, Sutherland on Statutory Construction ' 47.33 (6th ed.
2000) (AReferential and
qualifying words and phrases, where no contrary intention appears, refer solely
to the last antecedent@).[1] 
Such modifying Awords, phrases, and clauses are not to be
construed as extending to or modifying others which are more remote . . . .@  82 C.J.S. Statutes
' 333 (1999). 








This canon of statutory construction is Aneither
controlling nor inflexible.@  City of Corsicana v. Willmann,
147 Tex. 377, 379, 216 S.W.2d 175, 176 (1949).  Moreover, it is inapplicable Awhen a further
extension is clearly required by the intent and meaning of the context.@  Id.  See also
Stracener v. United Servs. Auto. Ass=n, 777 S.W.2d 378,
383 (Tex. 1989) (ASuch doctrines must give way when there
are indications that they are inapplicable.@).  Here, however,
the context of the language at issue neither indicates nor requires a different
construction.  The limiting phrases at issue describe two purposes for which
certain persons are deemed to be employees of a state agency.  Both of those
purposes are concerned solely with the liability arising from the acts or
omissions of individuals, such as those described in the second independent
clause,  rather than the conduct of organizations listed in the first
independent clause.  Thus, the language used in the statute does not indicate
that the limiting phrases were intended to apply to supported medical schools. 


The title of the statute also offers no guidance.  The
majority correctly points out that section 312.007 is labeled AIndividual
Liability,@ but the Code Construction Act informs us that A[t]he heading of a
title, subtitle, chapter, subchapter, or section does not limit or expand the
meaning of a statute.@  Tex.
Gov=t Code Ann. ' 311.024.  Finally, the general
legislative pronouncement that supported medical schools are state agencies
does not require such organizations to be treated as state agencies for all
purposes.  See id. ' 311.026 (explaining that special or local
provisions prevail over general provisions).

In sum, courts generally must construe an unambiguous
statute by Aadopt[ing] the interpretation supported by the statute=s plain language
unless that interpretation would lead to absurd results.@  Tex. Dep=t of Protective
& Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170,
177 (Tex. 2004).  A[P]rior law and legislative history cannot
be used to alter or disregard the express terms of a code provision when its
meaning is clear from the code when considered in its entirety, unless there is
an error such as a typographical one.@  Fleming Foods
of Tex., Inc. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999).  See also Entergy
Gulf States, Inc. v. Summers, 50 Tex. Sup. Ct. J. 1140, 2007 WL 2458027, at
*3 (2007) (AThe general statement that a recodification is not
intended to effect substantive changes does not, however, override the plain
wording of the statutory provisions directly in issue in this case.@) (reh=g granted).  For
this reason, I respectfully disagree with the majority=s conclusion that
a supported medical school is a state agency only for purposes of Chapter 104
and for the purpose of determining the liability of an employee.








I nevertheless concur in the majority=s disposition of
this issue for the independent reason that appellants failed to establish that
the plaintiffs could have filed suit against Baylor College of Medicine under
the Texas Tort Claims Act.  Even assuming that the school is a Agovernmental unit@ as that term is
used in section 101.106(f) of the Texas Civil Practice and Remedies Code, the
plaintiffs= allegations do not describe a situation in which the
use or misuse of tangible personal property actually caused the harm at issue. 
Cf. Tex. Dep=t of Criminal Justice v. Miller, 51 S.W.3d 583,
588 (Tex. 2001) (AUsing that property must have actually
caused the injury. . . . [Patient=s condition that]
became progressively worse due to the passage of time and an alleged error in
medical judgment . . . [does not demonstrate the] >use= of tangible
personal property that >caused= injury.@).

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown (Hedges, C.J., majority).

 









[1]  Cf. Ludwig v. State, 931 S.W.2d 239, 241
(Tex. Crim. App. 1996) (en banc) (AGenerally,
the presence of a comma separating a modifying clause in a statute from the
clause immediately preceding is an indication that the modifying clause was
intended to modify all the preceding clauses and not only the last antecedent
one.@ (quoting 82 C.J.S. Statutes ' 334 (1953))) (now see 82 C.J.S. Statutes
' 333 (1999)).