# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00154-CV

**Greg Abbott, Attorney General of Texas, Appellant**

**v.**

**Texas Board of Nursing, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-07-002685, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I agree that the facsimile numbers at issue are not confidential by law, but for different reasons than the majority, which relies on the notion that an "emergency response provider" must be an agency or entity rather than an individual.

The Board's claim of confidentiality ultimately turns on which noun is modified by the prepositional phrase "of the [emergency response] provider [or providers]" in government code section 418.176, subsection (a)(3):

> (a) Information is confidential if the information is collected, assembled, or maintained by or for a governmental entity for the purpose of preventing, detecting, responding to, or investigating an act of terrorism or related criminal activity and:
>
>   (1) relates to the staffing requirements of an emergency response provider, including a law enforcement agency, a fire-fighting agency, or an emergency services agency;

(2)     relates to a tactical plan of the provider; or

(3)     consists of a list or compilation of pager or telephone numbers, including mobile and cellular telephone numbers, *of the [emergency response] provider [or providers]*.

Tex. Gov't Code Ann. § 418.176(a)(3) (West 2005) (emphasis added).[1]  The prepositional phrase ". . . of the [emergency response] provider [or providers]" could be viewed as modifying "list or compilation . . .," in which case subsection (a)(3) would protect the *emergency response provider's or providers' list or compilation* of pager or telephone numbers.  This would mean that the Board's compilation of nurses' facsimile numbers would not be protected because the Board concedes that it is not an "emergency response provider."  Another potential interpretation is that ". . . of the [emergency response] provider [or providers]" modifies "pager or telephone numbers," such that the provision protects a "list or compilation" of *the emergency response provider's or providers'* pager or telephone numbers.  Under this interpretation, the Board's compilation of nurses' facsimile numbers would be protected, assuming the nurses are "emergency response providers" and the Board collected, assembled, or maintained the numbers "for the purpose of preventing, detecting, responding to, or investigating an act of terrorism or related criminal activity."  Not surprisingly, the Board relies on the latter interpretation and the Attorney General the former.

---

[1]  The parties agree that "provider" as used in paragraphs (2) and (3) of section 418.176, subsection (a), necessarily refers to "emergency response provider," the term used in paragraph (1) of that provision.  And we are to construe "[emergency response] provider" to extend to both its singular and plural forms. *See* Tex. Gov't Code Ann. § 311.012(b) (West 2005) (Code Construction Act) ("The singular includes the plural and the plural includes the singular.").

2

There is support for the Board's interpretation. The Code Construction Act requires us to construe words and phrases "according to the rules of grammar and common usage," *id.* § 311.011(a) (West 2005), and one general rule of grammar is that modifying words or phrases are presumed to apply to the words or phrases that immediately precede them and not those more remote. *See* William Strunk, Jr. & E. B. White, *The Elements of Style* 30 (4th ed. 2000) ("Modifiers should come, if possible, next to the words they modify."); Bryan A. Garner, *Garner's Modern American Usage* 431 (1998) ("When a word refers to an antecedent, the true antecedent should generally be the closest possible one."); *see also Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (discussing the statutory construction canon of "last antecedent," which "states that a qualifying phrase in a statute or the Constitution must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied"). However, this rule "'is neither controlling nor inflexible,'" *Jim Walter Homes, Inc.*, 34 S.W.3d at 580 (quoting *City of Corsicana v. Willmann*, 216 S.W.2d 175, 176 (Tex. 1949)), and it remains that we must also construe the words in context, and this may reveal contrary legislative intent. *See Willmann*, 216 S.W.2d at 176-77; *Stewman Ranch, Inc. v. Double M Ranch, Ltd.*, 192 S.W.3d 808, 812-13 (Tex. App.—Eastland 2006, pet. denied); *see also* Tex. Gov't Code Ann. § 311.011(a) ("Words and phrases shall be *read in context* and construed according to the rules of grammar and common usage.") (emphasis added). The context of its use within section 418.176, subsection (a), reflects legislative intent that the phrase "of the [emergency response] provider [or providers]" in paragraph (3) modify "list or compilation" rather than "pager or telephone numbers."

3

As the Attorney General observes, each of the preceding paragraphs of subsection (a) refers to information that would be utilized by an emergency response provider in "preventing, detecting, responding to, or investigating an act of terrorism or related criminal activity." Paragraph (1) protects information relating to "the staffing requirements of an emergency response provider," while paragraph (2) protects information relating to "a tactical plan of the provider." The legislature's evident focus in these provisions is information that emergency response providers *utilize* in combating terrorism rather than simply information *about* emergency response providers that someone could utilize to that end.

The Attorney General's interpretation of paragraph (3) is consistent with the structure of the preceding paragraphs and the policies they reflect—paragraph (3) protects an emergency response provider's "list or compilation" of pager or telephone numbers that it would use in combating terrorism. The Board's interpretation—paragraph (3) protects an emergency response provider's own pager or telephone numbers that are put into a list or compiled by someone other than an emergency response provider—would not be consistent with the structure and policies of the other paragraphs. Also, if the legislature intended such numbers to be protected, it presumably would have said so more directly and clearly—e.g., just stating that "an emergency response provider's pager or telephone number" is confidential—instead of emphasizing a "list or compilation" of numbers.

This analysis negates the central premise of the Board's claim of confidentiality, and I would reverse the district court's judgment on this ground rather than relying on the majority's theory that "emergency response providers" are solely agencies and not individuals. I question the majority's conclusions that only an agency and not an individual would possess or utilize the

4

"tactical plan" referenced in paragraph (2) or "list or compilation" referenced in paragraph (3), although I agree that "staffing requirements" in paragraph (1) may imply some sort of entity. Also, while I further agree with the majority that *ejusdem generis* may give guidance regarding the scope of "emergency response provider," it is not clear to me, considering section 418.176, subsection (a), as a whole, that the legislature's references to "a law enforcement agency, a fire-fighting agency, or an emergency services agency" in paragraph (1) were intended to exclude individuals from "[emergency response] provider" as used in the succeeding paragraphs, as opposed to illustrating the sorts of services that an "emergency response provider" would provide. *See also Dawkins v. Meyer*, 825 S.W.2d 444, 447 (Tex. 1992) ("Ultimately, the goal of every rule of construction, including the rule of *ejusdem generis*, is to determine the intent of those who wrote the words in question. The rule of *ejusdem generis* can, therefore, only be used as an aid in ascertaining the intended coverage of [the provision], not to subvert that intent once ascertained."). In any event, I would decide this case on the ground I have addressed above and not reach this issue.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: February 3, 2010

5