ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/24/2025 5:41 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00095-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/24/2025 5:41:11 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

EDWARD RANDOLPH TURNBULL IV,
*Appellant,*

v.

THE COMMISSION FOR LAWYER DISCIPLINE, ET. AL.,
*Appellees.*

ON APPEAL FROM THE 201ST JUDICIAL DISTRICT COURT OF TEXAS
CAUSE NO. D-1-GN-24-002025
THE HONORABLE AMY CLARK MEACHUM, PRESIDING

## OBJECTION TO TRANSFER

GAINES WEST
State Bar No. 21197500
gaines.west@westwebblaw.com

JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852
jay.rudinger@westwebblaw.com

JUDD E. STONE II
State Bar No. 24076720
judd@stonehilton.com

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000

STONE HILTON PLLC
600 Congress Ave., Ste. 2350
Austin, TX 78701
Telephone: (737) 465-3897

**ATTORNEYS FOR APPELLANT**

1

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellant Edward Randolph Turnbull IV ("Mr. Turnbull") files this Objection to Transfer and respectfully asks this Court to retain the above-styled and numbered cause on the Court's docket.

## INTRODUCTION

In 2023, the Texas Legislature passed Senate Bill 1045, which amended Chapter 22 of the Texas Government Code to create this Court as the fifteenth intermediate appellate court in the State of Texas. *See* Act of May 21, 2023, 88th Leg., R.S., ch. 459, eff. Sept. 1, 2023. The purpose of this amendment was to address the inconsistency of Texas jurisprudence across the fourteen intermediate appellate courts related to the application of highly specialized precedent in complex areas of law including sovereign immunity, administrative law, and constitutional law to cases involving the state, a state agency, or a state official. *See* S. COMM. REP., S.B. 1045 (Mar. 24, 2023).

In furtherance of this goal, the Texas Legislature limited the Court's jurisdiction to specific civil matters, including:

> [M]atters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government…or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct….

2

TEX. GOV'T CODE § 22.220(d)(1). Notably, these matters may be heard only by this Court—not any other intermediate appellate court. *Id.*

Mr. Turnbull filed this action against the Commission for Lawyer Discipline ("CFLD"), the Office of the Chief Disciplinary Counsel ("CDC"), the Board of Directors ("Board") of the State Bar of Texas ("State Bar"), and various State Bar officials (collectively, "Appellees") for violations of Mr. Turnbull's constitutional rights. The district court dismissed each of Mr. Turnbull's claims based largely on Appellees' assertion of sovereign immunity. Mr. Turnbull appealed to the Third Court of Appeals, which transferred this case to this Court pursuant to Chapter 22 of the Texas Government Code due to the case involving sovereign immunity asserted by various State entities and actors.

On April 14, 2025, this Court informed the parties that it "determined the appeal should be transferred to the Third Court of Appeals because "no claim has been made against an entity or party that pertains to the executive branch of the State of Texas," and, therefore, falls outside the Court's exclusive jurisdiction. However, because this case falls within this Court's exclusive jurisdiction, transfer of this case to the Third Court of Appeals is improper.

**ARGUMENT**

**I.      The Court's interpretation of the statute conflicts with the statute's plain language.**

In analyzing a statute, the court's primary goal is to "effectuate the Legislature's expressed intent." *In re Allen*, 366 S.W.3d 696, 703 (Tex. 2012); TEX. GOV'T CODE § 312.005. To do this, courts look to the statute's plain language unless doing so would lead to an absurd or nonsensical construction. *Creative Oil & Gas, LLC v. Lona Hills Ranch, L.L.C.*, 591 S.W.3d 127, 133 (Tex. 2019). Courts must read statutory text "in context—not isolation," *Pub. Util. Comm'n of Tex. v. Luminant Energy Co.*, 691 S.W.3d 448, 460 (Tex. 2024) (also known as *in pari materia* canon of construction), and avoid hyperliteral interpretations of each word, *see In re Dallas Cnty.*, 697 S.W.3d 142, 158 (Tex. 2024). Courts presume that the legislature purposefully chose which words to include in the statute and which to omit. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

Courts will turn to extrinsic sources "only if the statute is ambiguous or if applying the statute's plain meaning would produce an absurd result." *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020); Daniel J. Olds, *Ordinary Meaning, Context, and Textualism in Texas Statutory Interpretation*, 52 TEX. TECH L. REV. 485, 490–91 (2020). A statute is ambiguous if its words are susceptible to two or more reasonable interpretations and courts cannot discern legislative intent from the

4

language alone. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018).

The statutory provision at issue here limits this Court's appellate jurisdiction to certain civil matters, including:

> [M]atters brought ***by or against the state*** **or** a board, commission, department, office, or other agency in the executive branch of the state government…or ***by or against an officer or employee of the state*** **or** a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct….

TEX. GOV'T CODE § 22.220(d)(1) (emphasis added). The two "or" conjunctions are important.

"Or" is "a function word to indicate an alternative." *Or*, MERRIAM-WEBSTER'S DICTIONARY ONLINE (last visited Apr. 21, 2025). The two "or" conjunctions, therefore, indicate that the Texas Legislature intended to divide qualifying civil matters into four categories: (i) by or against the state; (ii) by or against a board, commission, department, office, or other agency in the executive branch of this state; (iii) by or against an officer or employee of the state; and (iv) by or against an officer or employee of a board, commission, department, office, or other agency in the executive branch of this state. *See* TEX. GOV'T CODE § 22.220(d)(1). Stated differently, as long as the underlying civil case falls into one of these four categories, the case is within this Court's jurisdiction.

5

This appeal falls into categories (i) and (iii) described above. Specifically, Mr. Turnbull filed this lawsuit against the CFLD, the CDC, the Board, and various State Bar officials. Because the State Bar is a legislatively created public corporation and administrative agency of the State, TEX. GOV'T CODE § 81.011(a), Mr. Turnbull's claims against the CFLD, CDC, and the Board fall into this Court's jurisdiction under category (i) described above: claims brought by or against the State. TEX. GOV'T CODE § 22.220(d)(1). Additionally, Mr. Turnbull's claims against the various State Bar officials fall into this Court's jurisdiction under category (iii) described above: claims brought by or against an officer or employee of the State. *Id.*

The Texas Legislature's inclusion of the conjunction "or" divides Section 22.220(d)(1) of the Texas Government Code into four separate categories of claims of which this Court has exclusive intermediate appellate jurisdiction over. Because Mr. Turnbull's claims are brought against State entities and officials—two of the four identified categories—this appeal falls within this Court's exclusive intermediate appellate jurisdiction as provided by plain language of the statute. This interpretation is further supported by the doctrine of last antecedent.

Under this canon of construction, a "qualifying phrase in a statute or the Constitution must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied." *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (citing *City of Corsicana*

6

*v. Willmann*, 216 S.W.2d 175, 176 (Tex. 1949)). As applied to the statutory provision at issue here, the "other agency in the executive branch" language only qualifies the "board, commission, department, office, or other agency" language. *See* TEX. GOV'T CODE § 22.220(d)(1). In other words, there is no "executive branch requirement" for claims brought by or against the State or by or against an officer or employee of the State. *See id.* Because this case involves various State entities and actors, this appeal falls within the Court's exclusive intermediate appellate jurisdiction under Chapter 22 of the Texas Government Code.

## II.  Transfer of this case would frustrate the purpose of the statute.

Even if the Court finds that the statute is ambiguous, the Court must apply the construction that carries out the statute's "manifest object." *In re Dallas Cnty.*, 697 S.W.3d 142, 159 (Tex. 2024).

Prior to the passage of S.B. 1045, which created the Court, both the Senate Committee on Jurisprudence and the House Committee on the Judiciary and Civil Jurisprudence issued committee reports finding that cases involving State litigants require intermediate appellate courts to understand and apply "highly specialized precedent in complex areas of law including sovereign immunity, administrative law, and constitutional law." S. COMM. REP., S.B. 1045 (Mar. 24, 2023); H. Comm. Rep. S.B. 1045. And because the other fourteen intermediate appellate courts had varying levels of experience with these statewide issues, Texas jurisprudence on

7

these issues became inconsistent. S. COMM. REP., S.B. 1045 (Mar. 24, 2023); H. Comm. Rep. S.B. 1045.

Just as the Texas Legislature anticipated, this case has been bogged down in the application of this State's complex sovereign immunity jurisprudence. Over 389 days have passed since Mr. Turnbull filed his Original Petition in this case, yet the discovery process has been indefinitely delayed as the primary focus of this case has been on Appellees' assertion of sovereign immunity. TEX. GOV'T CODE §§ 81.011, .071.

Because the Texas Legislature expressly intended this Court to handle civil matters involving the State—especially as it relates to the application of sovereign immunity, administrative law, and constitutional law—transferring this case to the Third Court of Appeals would frustrate the legislative purpose of this Court's exclusive jurisdiction.

## III. Transferring this case would be inconsistent SCOTX's recent opinion.

The Supreme Court of Texas ("SCOTX") recently clarified that this Court's jurisdiction is limited to that which the Texas Legislature specifically listed in the Texas Government Code. *See Kelley v. Homminga*, 706 S.W.3d 829, 834 (Tex. 2025) (per curiam). At issue in *Kelley* were two motions to transfer an appeal, both of which this Court and the respective regional courts of appeals disagreed. *Id.* at 830. In each appeal, the parties conceded that their appeals were not within this

8

Court's exclusive jurisdiction but, instead, argued that this Court had statewide appellate jurisdiction. *Id*; TEX. GOV'T CODE § 22.201(p) ("The Fifteenth Court of Appeals District is composed of all counties in the state").

Although SCOTX agreed that this Court has jurisdiction in civil cases appealed from every county in the State of Texas, SCOTX held that the underlying civil matter must still fall within the exclusive list of civil matters specified in the Texas Government Code. *Id.* at 831. Any other interpretation would allow every civil appellant from across Texas's 254 counties to forum shop—giving them the option to appeal to their regional courts of appeals or to appeal to this Court. *Id.* at 832. Such chaos would burden this Court with "thousands of civil cases of every stripe" and hinder this Court's ability "to give special attention to those cases the Legislature has defined as critical to the State's interest," including "***those brought by or against the State***, with enumerated exceptions." *Id.* at 831, 34 (emphasis added) (citing TEX. GOV'T CODE § 22.220(d)).

As explained *infra*, this appeal involves not only various State litigants but also the application of this State's complex sovereign immunity jurisprudence—both of which the Texas Legislature intended ***this Court*** to preside over, not any other regional court of appeals.

## CONCLUSION & PRAYER

The underlying civil matter in this appeal falls squarely within this Court's exclusive intermediate appellate jurisdiction because Appellees are comprised of various State entities and officials. TEX. GOV'T CODE § 22.220(d)(1). Moreover, transferring this appeal to the Third Court of Appeals would frustrate Texas Legislature's stated purpose of the statute: to create a Fifteenth Court of Appeals to exclusively handle certain civil matters important to the interests of the State, including sovereign immunity. S. COMM. REP., S.B. 1045 (Mar. 24, 2023); H. Comm. Rep. S.B. 1045.

Accordingly, this Court should retain jurisdiction over this appeal and refrain from transferring this case to the Third Court of Appeals.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000

By:  */s Gaines West*
GAINES WEST
State Bar No. 21197500
Email: gaines.west@westwebblaw.com
JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852
Email: jay.rudinger@westwebblaw.com

- AND –

JUDD E. STONE II
State Bar No. 24076720
Email: judd@stonehilton.com
Stone Hilton PLLC
600 Congress Ave., Ste. 2350
Austin, Texas 78701
Telephone: (737) 465-3897

**ATTORNEYS FOR APPELLANT**
**EDWARD TURNBULL IV**

## CERTIFICATE OF SERVICE

I certify that on April 24, 2025, the foregoing document was filed electronically using the Court's e-filing system, which will give notice of the filing to counsel for all parties of record as follows:

Daniel J. Olds                                    *Via e-file*
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202

Patrick W. Mizell                                 *Via e-file*
VINSON & ELKINS LLP
845 Texas Avenue, Suite 4700
Houston, Texas 77002

Royce LeMoine                                     *Via e-file*
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711

**ATTORNEYS FOR APPELLEES**

*/s Gaines West*
GAINES WEST

11

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that the foregoing document complies with the word count limitations Rule 9.4(i). It contains 1,921 total words, including any parts exempted by Rule 9.4(i)(1). In making this Certificate of Compliance, I am relying on the word count provided by Microsoft Word, the software used to prepare the document. This is a computer-generated document using Times New Roman 14-point font.

*/s Gaines West*
GAINES WEST

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Billy Hart on behalf of Gaines West
Bar No. 21197500
billy.hart@westwebblaw.com
Envelope ID: 100069576
Filing Code Description: Other Document
Filing Description: Objection to Transfer
Status as of 4/25/2025 7:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pat Mizell | | pmizell@velaw.com | 4/24/2025 5:41:11 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 4/24/2025 5:41:11 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 4/24/2025 5:41:11 PM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 4/24/2025 5:41:11 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 4/24/2025 5:41:11 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 4/24/2025 5:41:11 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 4/24/2025 5:41:11 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 4/24/2025 5:41:11 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 4/24/2025 5:41:11 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 4/24/2025 5:41:11 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 4/24/2025 5:41:11 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 4/24/2025 5:41:11 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 4/24/2025 5:41:11 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 4/24/2025 5:41:11 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 4/24/2025 5:41:11 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 4/24/2025 5:41:11 PM | SENT |