### K. M. WATERS V. KENNETH ELLIS

No. A-6676. Decided April 16, 1958.
(312 S.W. 2d Series 231)

*Allen Harp, Williams, Broughton & Forbis* and *C. C. Broughton,* all of Childress, for petitioner.

It was error for the Court of Civil Appeals to hold that the third paragraph of the later deed limited the mineral interests conveyed by both deeds to a one-fourth mineral interest, and in holding that the same paragraph voided the granting clause of either deed, because said paragraph is in harmony with the granting clause and is an explanation of the rights of the parties thereunder. Construction and Gen. Labor Union v. Stephenson, 148 Texas 434, 225 S.W. 2d 958; Commerce Const. Co. v. Lyon, 284 S.W. 2d 920; Jung v. Petermann, 194 S.W. 202.

*Richard D. Bird,* of Childress, for respondent.

In reply to petitioner's points cited Benge v. Scharbauer, 152 Texas 447, 259 S.W. 2d 166; Green v. White, 137 Texas 361, 153 S.W. 2d 575; Cromwell v. Holliday, 34 Texas 463.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This case is a combination action of trespass to try title and

suit to remove cloud from title filed by Kenneth Ellis, against K. M. Waters, asserting ownership of all of the S.E. ¼ of Section 449, Block H, W. & N.W. Ry Co. Survey, Childress County, Texas. The case was submitted to the trial court upon the following stipulation:

"It is agreed by and between the parties hereto * * * that the said cause herein shall be submitted to the Court without testimony and upon the introduction of three instruments or certified copies thereof, to-wit: a Mineral Deed from S. B. W. Hughes and wife, Lena B. Hughes to K. M. Waters, dated August 12, 1939; a Mineral Deed from S. B. W. Hughes and wife, Lena B. Hughes to K. M. Waters, dated January 3, 1941, and a deed from S. B. W. Hughes and wife, Lena B. Hughes to Kenneth Ellis, dated November 30, 1956; it is further stipulated and agreed that * * * S. B. W. Hughes is the common source of title of the premises in litigation in this case."

The trial court held that Waters was the owner of an undivided one-half mineral interest in the property and rendered judgment accordingly. The Court of Civil Appeals reversed, holding that Waters' mineral interest was a one-fourth rather than a one-half. 308 S.W. 2d 169. Waters, as petitioner, brings the case here.

While Ellis in his pleadings specifically charged that both mineral deeds were ineffective and should be removed as clouds upon his title, he stated in his brief filed in the Court of Civil Appeals that, "It is not disputed by the appellant herein that the deed (dated August 12, 1939) conveyed an undivided one-fourth interest in the mineral rights to the appellee, K. M. Waters."

The points urged by Ellis in the Court of Civil Appeals were that:

"The Court erred in failing to render judgment for the appellant, Kenneth Ellis, for an undivided three-fourths interest in and to all of the oil, gas and other minerals in and under and which may be produced from said land.

"The Court erred in rendering judgment for the appellee, K. M. Waters, adjudging appellee to own an undivided one-half interest in and to all the oil, gas and other minerals, in and under, and which may be produced therefrom."

■ There was no contention made that rentals or royalties accruing under mineral leases that might be placed upon the land should be apportioned in any way other than being divided into proportionate parts in accordance with the mineral interests held by the respective parties. The controlling issue presented is whether Waters owns a one-half or a one-fourth mineral interest in the property and this is determined by the construction to be placed upon the 1941 mineral deed mentioned in the stipulation. In our opinion the 1941 deed, as well as the 1939 deed conveyed a one-fourth mineral interest to Waters and accordingly the judgment of the Court of Civil Appeals will be reversed and that of the trial court affirmed.

The granting clauses of the two deeds are identical and read as follows:

"* * * have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto K. M. Waters the following, to-wit:

"An undivided one-fourth interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Childress County, Texas, to-wit:

"All of the Southeast One-Fourth (SE¼) of Section No. Four Hundred Forty Nine (449) Block 'H', W. & N. W. Ry. Co. Survey, in Childress County, Texas, together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom."

In the clause which immediately follows the granting clause, the name of the grantee was spelled "Watters" in the 1939 deed instead of "Waters" as in the 1941 conveyance. Also, in the latter deed the word "each" [conceded to be meaningless] followed the name, "Waters." Such clauses read as follows: (the differences in the second conveyance being indicated by the words in parentheses) :

"It is agreed and understood that the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by S. B. W. Hughes owning three-fourths and K. M. Watters (Waters each) owning One-Fourth interest in all oil, gas and other minerals in and upon said land, together with the same interest in all future rents."

The 1956 deed from S. B. W. Hughes, the common source of title, to Ellis purports to convey all of the quarter section mentioned and contains no exception or reference to the mineral interests theretofore conveyed to Waters.

Ellis does not contend that the Court of Civil Appeals held or that the stipulation would support a holding that the 1941 deed was executed to correct the 1939 conveyance. Upon the record, the theory of a correction deed embraces the rankest of speculation. The 1939 deed was a legal and effective conveyance and to guess that someone made a mistake in thinking that the 1939 deed needed correcting and then made a second mistake in failing to designate the 1941 instrument as a correction deed is to embark upon a conjectural excursion into the realm of pure speculation. Respondent makes no such contention here but says that, "the question for decision by the Court is whether or not the last purported mineral deed dated January 3rd, 1941, conveyed any additional interest to K. M. Waters, and as to whether recitals in a deed which is accepted by the grantee are binding upon said grantee." He further contends that this case is controlled by Woods v. Sims, 154 Texas 59, 273 S.W. 2d 617 wherein this Court said:

"There being no allegation of fraud, accident or mistake and no attempt by the parties to reform the mineral deeds, the court will give effect to the intention of the parties as expressed by the terms and provisions of the instruments. Generally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement, and this purpos should not be thwarted except in the plainest case of necessary repugnance. Even where different parts of the instrument appear to be contradictory and inconsistent with each other, the court will, if possible, harmonize the parts and construe the instrument in such way that all parts may stand and will not strike down any portion unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part."

This case comes within the exception mentioned in Wood v. Sims. Respondent's argument devolved into a clear case of necessary repugnance. While there is no conflict of clauses apparent when we consider the terms of the 1941 deed by itself, respondent argues that the 1939 deed must be considered so as to defeat the granting clause of 1941 conveyance. He argues that the 1939 deed conveyed a one-fourth mineral interest and therefore the 1941 deed was wholly inoperative because of the

recitation of ownership of the minerals contained therein—one-fourth in Waters and three-fourths in Hughes, who conveyed to respondent Ellis. It is said that this result must follow because the grantee is bound by the provisions of the deed. This argument evades rather than solves the problem of construction, for it can be said with equal logic that the grantor by signing the deed was bound by the provisions thereof, particularly the granting clause which purports to convey a one-fourth mineral interest. We are brought to face again with the problem of an inescapable conflict of clauses in the 1941 deed assuming *arguendo* that it is permissible to consider the provisions of the 1939 deed in order to create such repugnancy.

■ It is a recognized rule of construction that where there is a "necessary repugnance" of clauses in a conveyance, the granting clause prevails over the other provisions of the deed. Germany v. Turner, 132 Texas 491, 123 S.W. 2d 874; Graham's Estate v. Stewart, Texas Civ. App., 15 S.W. 2d 72, wr. ref.; Kynerd v. Hulen, 5 Cir., 5 Fed. 2d 160; Storm v. United States, 5 Cir. 243 Fed. 2d 708, 14-B Texas Jur. 589, Deeds, Sec. 140. Cf. Pich v. Lankford, 157 Texas 92, 302 S.W. 2d 645, involving exceptions and recitals.

■ The construction urged by respondent also runs counter to other recognized rules. A deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. Garrett v. Dils Company, 157 Texas 92, 299 S.W. 2d 904, Texas Creosoting Co. v. Hartburg, Texas Com. App., 12 S.W. 2d 169, 174, 14-B Texas Jur. 580, 720, Deeds, Sections 133, 252. It is to be presumed that the parties intended to effect a conveyance and a construction affirming the validity of a deed will be adopted in preference to one which would nullify the instrument. Kelly v. Womack, 153 Texas 371, 268 S.W. 2d 903, Koekrnot v. Caldwell, Texas Civ. App., 231 S.W. 2d 528, wr. ref., 14-B Texas Jur. 579-80, Deeds Sections 130, 131. The rule is well stated in Grogan v. City of Brownwood, Texas Civ. App., 214 S.W. 532, 537, no writ. history, as follows:

"* * * It is a sound rule of construction that when a particular thing has been granted by apt terms of conveyance a reservation or restriction which might result in destroying the subject-matter of the conveyance will be declared void and ineffectual. In other words, a restriction or limitation will not be permitted to stand if its effect is to remove the subject-matter from the granting clause of the conveyance."

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered April 16, 1958.