Earl REEVES and wife, Hazel Reeves, Appellants,

v.

Glenn R. TOWERY and wife, Mary Ann Towery, Appellees.

No. 1740.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Rehearing Denied Sept. 10, 1981.

John D. Murphree, Anderson, Smith, Null, Stofer & Smith, Victoria, for appellants.

Joseph P. Kelly, Lewis & Kelly, Victoria, for appellees.

## OPINION

BISSETT, Justice.

This is a suit in trespass to try title. Involved, is the fee ownership of strip of land 100 feet in width and 589.04 feet in length, comprising approximately 1¼ acres in area, a part of Lot 1 in Section "B" of the Glen Oaks Subdivision in DeWitt County, Texas. Earl Reeves and wife, Hazel Reeves [hereinafter "the Reeves"] brought suit against Glenn R. Towery and wife, Mary Ann Towery [hereinafter "the Towerys"] to recover the title and possession of the strip of land. The Towerys answered with pleas of not guilty and general denial. Following a trial to the court, sitting without a jury, a take nothing judgment was rendered. The Reeves have appealed.

The Towerys owned certain lands in DeWitt County, which they subdivided. A map or plat (plat) of the subdivision, named the "Glen Oaks Subdivision" was filed for record in the office of the County Clerk of DeWitt County, Texas, on July 19, 1971. The entire subdivision was then owned by the Towerys. The plat shows that there are two sections in the subdivision, Section "A" and Section "B." The land in dispute is shown by the plat as being within the boundaries of Lot 1 in Section "B" of the subdivision [hereinafter "Lot 1"] labeled "Reserved by Owner." Lot 1 thereof is shown on the plat as follows:

On February 26, 1972, the Towerys, as grantors, executed a general warranty deed to the Reeves, as grantees. The granting clause, in pertinent part, reads: "have GRANTED, SOLD AND CONVEYED, and by the presents do GRANT, SELL AND CONVEY." The real property conveyed by the deed was described therein as follows:

"All that certain tract or parcel of land in DeWitt County, Texas, a part of the Hepsebeth Taylor League, and being Lot No. One (1) in Section 'B' in GLEN OAKS SUBDIVISION, an addition in DeWitt County, Texas, as the same is marked and designated upon the duly recorded map and plat of said subdivision in Vol. O, Page 111, Commissioners Court Records of DeWitt County, Texas."

The conveyance was made expressly subject to "certain general and specific restrictions"; subject to a "reservation of royalty by Jane Tully Singleton," and subject also to an "easement to Southwestern Bell Telephone Company." None of these interests in land are involved in this appeal.

No one asserts that the deed was executed as a result of fraud, accident or mutual mistake. The Reeves contend that fee title to the strip of land in dispute was conveyed to them by the aforesaid deed. The Towerys claim that the placing of the words "Reserved by Owner" on the plat reserved the fee title of the disputed strip of land to them, and that the strip of land was not conveyed by the deed.

It was found by the trial court: 1) on the date of the conveyance by the Towerys to the Reeves the plat of the Glen Oaks Subdivision was on file in the office of the County Clerk of DeWitt County, as stated in the deed; 2) the plat showed a strip of land 100 feet wide and 589.04 feet long, which was delineated by solid black boundary lines on its north, west and south sides and by a dotted line on its east side, which is the land in controversy; and 3) on the plat and within the delineations, above mentioned, are the words "Reserved by Owner."

It is undisputed that the outside boundaries of all lots in the subdivision were depicted by solid black lines on the plat, and that Lot 1 enclosed 6.46 acres within those solid black lines. The words "Reserved by Owner," were placed on the plat at the express direction of "Doctor Towery." It is further undisputed that during the negotiations which preceded the execution and delivery of the deed, the Towerys did not tell the Reeves that they wanted to reserve the strip of land for themselves. They represented to the Reeves that Lot 1 contained "about 6 acres." It was not until after the deed was executed that the Towerys told the Reeves that the strip had been reserved by them. The deed was prepared by the Towerys' attorney, who advised them before it was executed that the words "Reserved by Owner" in the plat could cause problems in the future. Dr. Towery instructed his attorney not to use field notes in describing the land to be conveyed, and told him that he would later "trade out" with the Reeves.

The trial court concluded: "[T]he deed and plat, when taken together, are clear and unambiguous, and show as a matter of law that the strip in question was not conveyed by the deed but was reserved to the owners, or the grantors." That conclusion is attacked in this appeal by a single point of error.

Since the deed is unambiguous, and as no effort has been made to either set the deed aside or reform it because of fraud, accident or mutual mistake of fact, it is not necessary to consider the testimony of the parties relating to what was *intended* to be conveyed or reserved. There is no contention that the description in the deed belongs to any class in which parol evidence as to the *intention* of the parties would be admissible in a controversy between them to assist a court in solving questions left in doubt by its language. The land conveyed by the deed can be identified on the ground from the descriptive language which appears in the deed. Both on the face of the deed and in its application to the ground, the description contained in the deed is clear and unambiguous and identifies the land conveyed as being all of Lot 1, as the same is marked and designated (by field notes) on the recorded plat, and comprising 6.46 acres in area (also as shown by the plat).

The question to be answered in this case is not what the grantors may have intended to say in the deed, but the meaning of what they did, in fact, say. In answering that question, there are certain fundamental rules and principles of law concerning the

construction of deeds and the language appearing therein which we observe and follow.

■ The first rule of construction of a deed is that the intention of the parties to the transaction be ascertained and given effect. *Kelly v. Womack*, 153 Tex. 371, 268 S.W.2d 903 (1954); *Gibbs v. Barkley*, 242 S.W. 462 (Tex.Comm'n App. 1922, holding approved). The rule, however, must be modified with the restriction that it is not the intention which the parties may have had but did not express in the deed, but it is the intention which by the deed they did express. *Davis v. George*, 104 Tex. 106, 134 S.W. 326 (1911). That rule, as well as its modifying restriction, applies to the description of the land as well as to other parts of the deed. *Chesnut v. Blair*, 42 S.W.2d 175 (Tex.Civ.App.—Austin 1931, writ ref'd).

■ Deeds are construed to convey to the grantee the greatest estate possible. *Waters v. Ellis*, 158 Tex. 342, 312 S.W.2d 231 (1958); *Bryson v. Connecticut General Life Insurance Co.*, 196 S.W.2d 532 (Tex. Civ.App.—Austin 1946, writ ref'd).

■ The intention of the parties is to be gathered from the deed as a whole and not from isolated parts thereof. *Texas Pacific Coal & Oil Company v. Masterson*, 160 Tex. 548, 334 S.W.2d 436 (1960). No person is in a better position to know what was intended to be conveyed and what was intended to be reserved than the grantor himself. When he expresses that intention in the deed, his expression is construed most strongly in favor of the grantee. *Alexander v. Byrd*, 114 S.W.2d 915 (Tex.Civ.App.— El Paso 1938, writ ref'd). As a general rule, the language in a deed is the language of the grantor. *McGuire v. Bruce*, 332 S.W.2d 110 (Tex.Civ.App.—Beaumont 1960, writ ref'd).

■ In the absence of allegations of ambiguity, fraud, accident or mutual mistake of fact, parol evidence is not admissible to show the intentions of either the grantor or grantee in the deed, but such intention is to be determined by the trial court as a matter of law from the language which appears in the deed itself, and the deed will be enforced as written. *Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447 (1935); *City of Stamford v. King*, 144 S.W.2d 923 (Tex.Civ. App.—Eastland 1940, writ ref'd); *Rust v. Rust*, 211 S.W.2d 262, 266 (Tex.Civ.App.— Austin) aff'd per curiam, 147 Tex. 181, 214 S.W.2d 462 (1948); *Davis v. George*, supra.

■ It is fundamental that a general warranty deed conveys all of the interest that a grantor has in the land described therein unless there is language in the instrument which clearly shows an intention to convey a lesser interest, and there is not reserved to the grantor any interest in the land conveyed, absent a clear and unequivocal intent to do so which is expressed in the deed itself. *Cockrell v. Gulf Sulphur Co.*, 157 Tex. 10, 299 S.W.2d 672 (1957); *Gulf Production Co. v. Continental Oil Co.*, 139 Tex. 183, 132 S.W.2d 553, 563 (1939).

■ It is a familiar rule in the construction of deeds that a reservation in favor of the grantor therein is to be most strongly construed against the grantor and in favor of the grantee. *Settegast v. Foley Bros. Dry Goods Co.*, 114 Tex. 452, 270 S.W. 1014 (Tex.Comm'n App.1925, opinion adopted); *Collier v. Caraway*, 140 S.W.2d 910 (Tex. Civ.App.—Beaumont 1940, writ ref'd). The same rule applies when the words as used in the deed are of doubtful meaning. *Jones v. Sun Oil Co.*, 110 S.W.2d 80 (Tex.Civ.App.— Texarkana 1937, writ ref'd).

■ A reservation, to be effective, must be by clear language, and a reservation by implication in favor of the grantor is not favored by the courts of this state. *State v. Black Bros.*, 116 Tex. 615, 297 S.W. 213 (1927); *Sharp v. Fowler*, 151 Tex. 490, 252 S.W.2d 153 (1952). The property intended to be reserved is never included in the grant. *Benge v. Scharbauer*, 152 Tex. 447, 259 S.W.2d 166 (1953); *Cockrell v. Texas Gulf Sulphur Co.*, supra.

■ It is a well established rule that when a tract of land is conveyed by reference to lot and block numbers of a recorded plat of a subdivision, the plat constitutes

the description of such land, and the description is as definite as though the metes and bounds of the land (as shown by the plat) had been written into the deed. *Pritchard v. Burnside*, 140 Tex. 212, 167 S.W.2d 159 (1943). "To describe land is to outline its boundaries so that it may be located on the ground, and not to define the estate conveyed therein." *Sharpe v. Fowler*, supra, at page 154.

The Towerys contend that the strip of land in controversy was reserved to them, as a matter of law, on July 19, 1971, when the plat, with the notation "Reserved by Owner" on the affected part of Lot 1, was filed for record. We disagree. The words in the description "as the same is marked and designated upon the duly recorded map and plat" is not a reference to land *conveyed*, but is to land *described* in the plat. See *Sharp v. Fowler*, supra, at page 154.

At all times pertinent to this appeal, there was a unity of ownership in the Towerys of the involved lands. All of Lot 1, including the strip in dispute, was owned by the Towerys at the time the plat was recorded. It follows, therefore, that so long as that unity of ownership existed, a reservation by the owner could not, as a matter of law, exist because an owner could not reserve to himself an interest in property already owned in fee by him. See *Hidalgo County Water Control & Improvement District No. 16 v. Hippchen*, 233 F.2d 712 (5th Cir. 1956). Under the record here presented, unity of ownership in the Towerys persisted until the date that the deed was executed. If the words "as the same is marked and designated on the recorded plat" be treated as an exception, then the exception must fail since all of Lot 1 was conveyed by the granting clause, and any attempted reservation of a part thereof in the same clause would be repugnant to the grant. See 19 Tex.Jur.2d, Deeds § 181 (1960). Moreover, the words in the deed, mentioned above, refer only to location, boundaries, field notes and area of Lot 1, as shown by the plat, not to any part of Lot 1 which had been previously reserved by the

Towerys or which was excepted from the deed in question. The description in the deed consists of a single sentence. The first part of the sentence clearly and unmistakably shows that *all* of Lot 1 is conveyed; the remaining words simply make the description definite. They do not reserve any part of Lot 1 unto the Towerys.

The granting clause in the deed under consideration is as broad as it can be made. The same breadth of expression is retained in the habendum clause and in the general warranty provisions in the deed. There are no apt words in the deed which, of themselves, reserve the disputed land unto the Towerys.

The English language contains words which may be easily employed to particularly and clearly describe the estate or interest in land sought to be conveyed, to be reserved by the grantor and not conveyed, or to be excepted from the conveyance. There is no valid reason why a grant should be enlarged or restricted by implication beyond what the particular verbiage used in the granting clause clearly warrants. It would be a dangerous precedent should the courts of this state go so far as to hold that a description of *all* of a certain tract of land in a subdivision (owned by the grantor) which is conveyed is reduced to less than all of such land simply because the pre-existing plat showed the words "Reserved by Owner" thereon, when at the time the plat was filed and at the time the deed was executed, the grantor owned all of the land within the boundaries of the entire tract. Neither the exigencies of the law nor of the case at bar require any such holding. On the other hand, the law relating to conveyances should remain ever such so as to require the contracting parties, and especially the grantor, to make definite and certain the meaning of the deed by the use of proper language which exactly and definitely describes the estate to be conveyed. Under no circumstances should the law be relaxed to include within the purview of the deed, by construction, a reservation solely to the owner a part of the land described in the grant unless clearly compelled by the language in the deed itself.

The record has been carefully considered in the light of pertinent rules of law. The deed and plat are considered together in determining the intent of the involved parties. We are of the opinion that any fair analysis of the deed, along with the plat, in the instant case leads to but one conclusion, namely that the deed is plain and unambiguous in its terms, and that the deed alone must be held to be the sole evidence of the intention of the parties. The trial court incorrectly concluded that the strip of land in question was not conveyed by the deed to the Reeves, but was reserved by the Towerys. We hold that the strip was conveyed to the Reeves and was not reserved by the Towerys. The judgment of the trial court is reversed and judgment is here rendered that Earl Reeves and wife Hazel Reeves, plaintiffs in the trial court and appellants in this Court, recover the title and possession of the strip of land in controversy.

REVERSED and RENDERED.