NO. 12-11-00008-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

GUY C. FISHER, JOE FISHER,
JR.,        §                      APPEAL FROM THE 273RD

ANNE WINSLOW, ROBERT DIES,

JOHN FISHER AND

KATHLEEN MUNGER,

APPELLANTS

 

V.                                            

                                                                        

LEILA CLARK DOWNS WYNN,
MARIE 

CLARK CRAWFORD, EXA BELLE 

CLARK MCDANIEL, HELEN BUTTS


TIPPS, SUE BUTTS MCEACHERN,         

CATHERINE CREWS DEL
VECCIO,       §                      JUDICIAL DISTRICT COURT 

JANET CREWS BARROW, 

MARGARET JOE SEWELL LANGLEY,

ELINOR CREWS, TRUSTEE, SUSAN


FRY BRACKEN, ROBERT A. FRY,
JR., 

SIM CREWS FRY, ANNE CROW

CROCKETT, JACQUELINE CROW 

RUTTER, JAMES WILBURN 

RAGSDALE, ROBERT E. SMITH, 

MOLLY PATRICIA MCKINNEY, 

POLLY A. WRIGHT AND RICHARD


WATKINS, 

APPELLEES                                                 §                      SAN
AUGUSTINE, TEXAS                                                                                                                       







MEMORANDUM
OPINION

            This
is a suit for declaratory judgment regarding construction of a warranty deed. 
The trial court granted Appellees’ motion for summary judgment and denied
Appellants’ motion for summary judgment.  Appellants urge one issue on appeal contending
the trial court erred in granting Appellees’ motion and in denying Appellants’ motion. 
We affirm.

 

Background

            Robert
Cade Downs, Jr., owned an undivided one-half interest in the surface and
minerals in 1316.2 acres located in the Burditt, Bruce, Hereford, Sublett, and
Williams Surveys in San Augustine County.  The other undivided one-half
interest in the 1316.2 acres belonged to James Cade Downs and five other
residuary legatees under the will of their father, Robert Cade Downs, Sr.

The
Partition

            On
June 15, 1977, the owners executed a partition agreement and deed dividing only
the surface estate of the 1316.2 acres.  In the division, Robert Cade Downs
received a separate interest in the surface of five tracts totaling 657 acres
in the Bruce, Hereford, Sublett, and Williams Surveys.  James Cade Downs and
the five other residuary legatees of Robert Cade Downs, Sr. received undivided
interests in the surface of the remaining 659.2 acres situated in seven tracts
in the Burditt Survey.  The mineral estate in the 1316.2 acres was expressly
left undivided.

            Under
the partition deed, James Cade Downs received an undivided one-fifth interest
in the surface of the 659.2 acres in the Burditt Survey.  Because the minerals
were not partitioned, he owned an undivided one-tenth interest in the minerals
under the entire 1316.2 acres located in five surveys.

The 1979
Warranty Deed

            In
1979, James Cade Downs signed and delivered a warranty deed to his cousin
Kathleen Clark Fisher, another legatee of Robert Cade Downs Sr.  The granting
clause (first paragraph) reads, in part, as follows:

 

. . . I, James Cade Downs, . . . do grant, sell and
convey unto the said Kathleen Clark Fisher . . . my undivided one-fifth (1/5th)
interest in and to all those certain tracts . . . of land, situated in San
Augustine County, Texas, out of and a part of the JESSE BURDITT SURVEY . . .
[legal description and reference to attached Exhibit A follow].

 

 

The “subject to”
clause (second paragraph) contains two sentences qualifying or elaborating on
the grant by reference to the partition deed.  It also contains the “said
minerals” phrase in controversy here, and reads as follows:

 

This conveyance is subject to the mineral reservations
and exceptions made in the partition deed between Robert Cade Downs, Jr., et
al., dated June 15, 1977 . . . ,  HOWEVER, out of this grant there is saved,
excepted and reserved, one-half of my undivided interest in the oil, gas and
other minerals in, to and that may be produced from the said lands for and
during my natural life. . . . It is understood that in said partition deed so
mentioned herein the surface estate was divided and the minerals were left
undivided, and by this instrument I am conveying my undivided interest in said
minerals unto the grantee herein . . . , subject to the above reserved life
estate. . . .

 

 

(emphasis
added).  The habendum and warranty clause (third paragraph) contains no
specific reference either to the grant in the first paragraph or to the “said
lands” but refers to the premises that are “above described” and again to “the
said premises.”  It reads in part:

 

TO HAVE AND TO HOLD the above described premises,
except as above stated, together with all and singular the rights and
appurtenances thereto in anywise belonging unto the said Kathleen Clark Fisher
. . . , and I do hereby bind myself . . . to warrant and forever defend . . .
the said premises unto the said Kathleen Clark Fisher . . . against every
person whomsoever lawfully claiming or to claim the same or any part thereof.

 

Procedural
History

            Appellants
filed suit seeking a declaratory judgment that, based on its reference to the
partition deed in the “subject to” clause, the warranty deed from James Cade
Downs to Kathleen Clark Fisher conveyed all of James Cade Downs’s undivided
mineral interest that he received in the partition of the 1316.2 acres and not
just his undivided interest in the surface and minerals in the Burditt Survey
tract.

            Appellees
filed answers to Appellants’ petition.  Appellees Marie Clark Crawford and Exa Belle
Clark McDaniel also filed a counterpetition seeking a declaratory judgment that
the deed unambiguously conveyed James Cade Downs’s interest in the Burditt
Survey only.  Alternatively, they alleged that if the reference to “said
minerals” in the “subject to” or limiting clause rendered the warranty deed
ambiguous, extrinsic evidence consisting of letters and inventories should be
admitted to aid in the deed’s construction.   Extrinsic evidence, they
contended, would show that, after the execution of the deed, Joe J. Fisher,
husband of and agent for Kathleen Clark Fisher, attempted to buy James Cade
Downs’s mineral interest in the four other surveys, the same interest Appellants
now claim they own.

            Appellants
moved for summary judgment on the ground that they are the owners of James Cade
Downs’s mineral interest in all of the tracts covered by the partition deed.  Appellees
Marie Clark Crawford and Exa Belle Clark McDaniel filed their motion for
summary judgment requesting a declaration that the warranty deed conveyed James
Cade Downs’s mineral interest in the Burditt Survey tract only.  Appellees Anne
Crow Crockett and Jacqueline Crow Rutter joined in this motion, as did
Appellees Richard F. Watkins, Helen Butts Tipps, Sue Butts McEachern, James
Wilburn Ragsdale, Robert E. Smith, Molly Patricia McKinney, and Polly A. Wright
(the Watkins Appellees).  All of the movants maintained the warranty deed was
unambiguous.  The Watkins Appellees, in their response to Appellants’ motion,
alternatively alleged that the warranty deed was ambiguous.  They also
submitted letters and an inventory of James Cade Downs’s mineral interests made
after the execution of the warranty deed showing that Kathleen Clark Fisher,
through her husband, attempted to buy James Cade Downs’s undivided mineral
interest in the four other surveys.  Therefore, they argue, a fact question
existed and summary judgment for Appellants was improper.

            The
trial court found the warranty deed to be unambiguous and declared that it
conveyed only James Cade Downs’s interest in the Jesse Burditt Survey.

 

Summary Judgment

            In
their sole issue, Appellants argue that the trial court erred in denying their summary
judgment motion and granting Appellees’ summary judgment motion.  The
resolution of this issue turns on whether the warranty deed dated May 24, 1979,
from James Cade Downs to Kathleen Clark Fisher conveyed only the grantor’s
undivided interest in the surface and minerals in 659.2 acres in the Jesse
Burditt Survey in San Augustine County described in the deed’s granting clause
and particularly described in Exhibit “A” attached thereto.  Appellants contend
that the “subject to” clause of the deed effected a conveyance of all of James
Cade Downs’s mineral interest in four other surveys by reference to the
partition deed between James Cade Downs and others who were the joint owners of
1316.2 acres situated in five surveys of San Augustine County.  Appellants interpret
the phrase “said minerals” in the “subject to” clause to refer to all of James
Cade Downs’s undivided interest in the other minerals set out and left
undivided in the partition deed (Burditt, Bruce, Hereford, Sublett, and
Williams Surveys), and not simply to the minerals in the Burditt Survey
described in the granting clause as Exhibit “A.”  Other than the reference to
“said minerals,” the warranty deed contains no description of the minerals Appellants
claim were conveyed in the warranty deed from James Cade Downs to their
predecessor in title, Kathleen Clark Fisher.

 

Standard
of Review

            A
trial court’s decision granting summary judgment is reviewed de novo.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003).  The trial court may grant a traditional motion for summary judgment if
the movant establishes that there is no genuine issue of material fact and that
the movant is entitled to judgment as a matter of law.   Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  When, as here, both sides
move for summary judgment on the same issue and the trial court grants one
motion and denies the other, we review the summary judgment evidence presented
by both sides and determine all questions presented.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  If we determine that
the trial court erred, we render the judgment the trial court should have
rendered.  Id.  

            When
an instrument is unambiguous and the dispositive facts are not in dispute, a
court may grant summary judgment and render a declaratory judgment regarding
the parties’ rights under the instrument.  See Barrand, Inc. v.
Whataburger, Inc., 214 S.W.3d 122, 131-32 (Tex. App.–Corpus Christi
2006, pet. denied); TC Dallas #1, LP v. Republic Underwriters Ins. Co.,
316 S.W.3d 832, 837 (Tex. App.–Dallas 2010, no pet.).

Applicable
Law

            The
question of whether an instrument is ambiguous is a question of law.  Heritage
Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).  “If the
written instrument is so worded that it can be given a certain or definite
legal meaning or interpretation, then it is not ambiguous and the court will
construe the contract as a matter of law.”  SAS Inst., Inc. v.
Breitenfeld, 167 S.W.3d 840, 841 (Tex. 2005).  An ambiguity does not
arise simply because the parties advance conflicting interpretations of the
contract.  Columbia Gas Trans. Corp. v. New Ulm Gas, 940 SW.2d
587, 589 (Tex. 1996).  If the contract is subject to two or more reasonable
interpretations after applying the pertinent rules of construction, the
contract is ambiguous.  Id.  But if after we apply the relevant
rules of construction, a contract can be given a definite legal meaning, the
contract is unambiguous, and we construe it as a matter of law.  Frost
Nat’l Bank v. L & F Distributors, Ltd., 165 S.W.3d 310, 312 (Tex.
2005).

            The
first rule of construction is to ascertain and give effect to the parties’
intentions as expressed in the document.  Id. at 311-12.  “The
intention is to be ascertained as expressed by the language used, and not the
intention which may have existed in the [makers’] minds . . . , but is not
expressed by their language.”  Slavens v. James, 229 S.W.317, 318
(Tex. Comm’n App. 1921, judgm’t adopted).  In construing a deed to ascertain
the parties’ intention, the whole instrument must be looked to and all of its
parts and all of its language given effect if possible.  Holloway’s
Unknown Heirs v. Whatley, 133 Tex. 608, 614, 131 S.W.2d 89, 92 (1939). 
“The parties to an instrument intend every clause to have some effect and in
some measure to evidence their agreement.  Even if different parts of the deed
appear contradictory or inconsistent, the court must strive to harmonize all of
the parts, construing the instrument to give effect to all its provisions.”  Luckel
v. White, 819 S.W.2d 459, 462 (Tex. 1991) (citations omitted).  “The
court should not strike down any part of the deed, unless there is an
irreconcilable conflict wherein one part of the instrument destroys in effect
another part thereof.”  Id.  

            No
single provision should be given controlling effect.  J. M. Davidson,
Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003). 
However, the effort to harmonize all parts of an instrument does not require
that every part of the deed be treated as of equal weight in the solution of
every question.  Fleming v. Ashcroft, 142 Tex. 41, 49, 175 S.W.2d
401, 406 (1943).  Labels given the clauses of “granting,” “warranty,”
“habendum” and “future lease” are not controlling, and the substance of
unambiguous provisions should be given effect.”  Luckel, 819
S.W.2d at 463.  “The relative positions of the different parts of the
instrument are not necessarily controlling; the modern and sounder [view] being
to ignore the technical distinctions between the various parts of the deed, and
to seek the grantor’s intention from them all without undue preference to any . . . .” 
Reynolds v. McMan Oil & Gas Co., 11 S.W.2d 778, 781 (Tex.
Comm’n App. 1928, holding approved).

            Clauses
that grant different interests in property do not create irreconcilable
conflicts.  Benge v. Scharbauer, 152 Tex. 447, 451-56, 259 S.W.2d
166, 168-70 (Tex. 1953).  The intention of the parties, when ascertained,
prevails over arbitrary rules.  Luckel, 819 S.W.2d at 462.

Discussion

            Appellants
claim the warranty deed makes two grants, a grant of James Cade Downs’s
interest in the lands and minerals in Jesse Burditt Survey (subject to a life
estate reserved in an undivided one-half of his minerals conveyed in the Jesse
Burditt Survey), but also an entirely separate grant in the “subject to” clause
of all his undivided interest in the minerals (with no reservation of a life
estate) in the other four surveys left undivided in the partition deed.  They
insist that the term “said minerals” in the second sentence of the “subject to”
clause refers to and conveys all of Downs’s undivided mineral interest in the
other four surveys mentioned in the partition deed.  Appellants invoke the
doctrine of “last antecedent,” a rule of grammar that a qualifying phrase “must
be confined to the words and phrases immediately preceding it to which it may,
without impairing the meaning of the sentence, be applied.”  Spradlin v.
Jim Walter Homes, 34 S.W.3d 578, 581 (Tex. 2000).  Under this doctrine,
they argue that “said minerals” must refer to the use of “minerals” immediately
preceding it–the minerals mentioned in the partition deed.

            Appellants
argue that the purported second grant of all the minerals mentioned in the
partition deed is equally effective, although it is not in the granting clause
but in the “subject to” clause.  They stress that a conveyance may occur in any
of a number of clauses in a deed, and that, since Luckel, the
granting clause is not necessarily controlling, and unambiguous provisions must
be give effect.  Luckel, 819 S.W.2d at 463.  Appellants point out
that clauses which grant separate interests in property do not create
irreconcilable conflicts.  Benge, 152 Tex. at 451-56, 259 S.W.2d
at 168-70.  They assert that the claimed subsequent grant of all the minerals
in the other four sections does not conflict with or negate the initial grant
of the Jesse Burditt land and minerals described at length in the granting
clause.  Appellants contend that, in failing to give effect to the second
sentence of the “subject to” clause as a conveyance, the trial court ignored a
cardinal canon of construction –that each and every provision of a deed must be
given effect.

            Finally,
Appellants invoke two subsidiary canons of construction:  (1) that a deed’s
language should be construed against the grantor, and (2) deeds should be read
to convey the greatest estate possible to the grantee.  See Waters v.
Ellis, 158 Tex. 342, 346, 312 S.W.2d 231, 234 (1958); Davis v.
Andrews, 361 S.W.2d 419, 423 (Tex. Civ. App.–Dallas 1962, writ ref’d
n.r.e.).

            Both
sides contend the warranty deed is unambiguous.  Appellees, however, alternatively
maintain that the warranty deed is ambiguous and the court should resort to
extrinsic evidence in construing the instrument.  Appellees point to
correspondence in the record that they say shows that, after the execution of
the warranty deed from James Cade Downs to Kathleen Clark Fisher, Appellants’ precedessor,
Kathleen Clark Fisher, through her husband, negotiated to purchase from James
Cade Downs his minerals in the other four surveys, minerals Appellants now
claim had already been conveyed to her in the warranty deed.

            We
conclude, after an inquiry limited to its four corners, that the warranty deed is
so worded that it can be given a definite legal meaning and hence, is not
ambiguous.  Therefore, we will construe the deed as a matter of law and without
recourse to extrinsic evidence.

            We
are required to consider the entire instrument in order to ascertain the
intention of the parties as expressed in the language of the document.  Frost,
165 S.W.3d at 311-12.  It is our duty, in construing the instrument, to strive
to harmonize all of its parts in order to give each part effect consistent with
the meaning intended by the parties.  Luckel, 819 S.W.2d at 462.

            Although
not necessarily controlling, it is difficult to overlook that the lands in the
Jesse Burditt Survey are the only lands specifically described in the warranty
deed.  They are described with great particularity in the granting clause as
Exhibit “A.”  The warranty deed nowhere contains such a description of any of
James Cade Downs’s undivided interest in the minerals within the other four
surveys mentioned in the partition deed, the mineral interests Appellants now
contend Downs conveyed by the deed.

            Appellants’
claim to all of James Cade Downs’s undivided interest in all of the other minerals
set aside to him in the partition rests solely on their interpretation of “said
minerals” in the second sentence of the “subject to” clause.  Their
interpretation depends upon a rigid application of the doctrine of “last
antecedent.”  But the rule is not meant to be so strictly applied.  In Spradlin,
the case cited by Appellants for the doctrine, the court acknowledged that the
doctrine of “last antecedent” was “neither inflexible nor controlling.”  Spradlin,
34 S.W.3d at 580.  In the case cited for the doctrine in Spradlin,
the supreme court rejected the application of the doctrine, cautioning that “[i]t
should not be applied without regard to the language read as a whole.”  See
City of Corsicana v. Willman, 147 Tex. 377, 379, 216 S.W.2d 175,
176 (1949).  “It is not applicable when a further extension is clearly required
by the intent and meaning of the context.”  Id.  Read in context
and in conjunction with the entire instrument, we believe that the phrase “said
minerals” is an ordinary abbreviated reference to the minerals laboriously
described in the granting clause.  The sentence containing the phrase “said
minerals” has an ordinary explanatory and limiting purpose, functions
appropriate to a “subject to” clause.  It clarifies that the partition deed
addressed the surface only and that therefore Downs owned only an undivided one-tenth
interest in the Burditt Survey minerals.  This construction does not ignore
that part of the deed containing the phrase “said minerals,” but gives it the
clarifying and limiting purpose the parties intended.  Reading “said minerals”
to refer to the minerals in the Burditt Survey, described at length in the
granting clause, gives the phrase a meaning consistent with and in harmony with
the entirety of the warranty deed.

            The
two canons of construction relied upon by Appellants, the greatest estate canon
and the construe against the grantee canon, are inapplicable in this case. 
Both are subordinate to the rule that every part of the deed should be
harmonized and given effect to effectuate the intent of the parties.  See,
e.g., Hancock v. Butler, 21 Tex. 804, 816 (1858); Arnold v.
Ashbel Smith Land Co., 307 S.W.2d 818, 824 (Tex. Civ. App.–Houston
1957, writ ref’d n.r.e.).  They should only be employed if, after harmonization
has been attempted, the language remains in doubt.  Arnold, 307
S.W.2d at 824.  In this case, harmonization of all the parts of the instrument
resolves any reasonable doubt as to the meaning intended by the parties; therefore,
neither canon is applicable.

            We
conclude the trial court correctly found that the warranty deed from James Cade
Downs to Kathleen Clark Fisher conveyed only the land and minerals in the Jesse
Burditt Survey.  The trial court did not err in denying Appellants’ summary
judgment motion and granting Appellees’ summary judgment motion.

            We
overrule Appellants’ sole issue.

 

Disposition

            The
trial court’s judgment is affirmed.

 

                                                                             Bill
Bass

                                                                                                   
Justice

 

 

 

 

Opinion delivered August
3, 2011.

Panel consisted of Worthen, C.J., Griffith, J., and
Bass, Retired Justice, Twelfth Court of Appeals

sitting by assignment.

 

 

 

 

(PUBLISH)