02-11-217-CV








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-11-00217-CV

 

 




 
 
 Farm & Ranch Investors, Ltd.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Titan Operating, L.L.C.; Bruce D. Pfaff; Teresa M.
 Walter; David Novotny; Dennis J. Fegan II; Michael C. and Kris Aljoe; Jeffrey
 J. and Diane S. Brundage; John T. Eubanks Family Living Trust; Christopher M.
 and Nancy L. Holloway; C.E. BYE AND SANDRA J. BYE
 
 
  
 
 
 APPELLEES 
 
 




 

 

----------

 

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

 

OPINION

----------

Appellant
Farm & Ranch Investors, Ltd. appeals the trial court’s grant of summary
judgment in favor of appellees Titan Operating, L.L.C. and individual lot
owners Bruce D. Pfaff, Teresa M. Walter, David Novotny, Dennis J. Fegan II, Michael
C. and Kris Aljoe, Jeffrey J. and Diane S. Brundage, John T. Eubanks Family
Living Trust, Christopher M. and Nancy L. Holloway, and C.E. Bye and Sandra J.
Bye (collectively, the lot owners).  We affirm.

Background
Facts

Caldwell’s
Creek, Ltd. was the owner of roughly sixty acres of land in Colleyville known
as the Caldwell’s Creek Addition.  In 1994, Caldwell’s Creek, Ltd. recorded a
dedication and restrictions for the land in the deed records.[1] 
One of the restrictions stated, “No oil drilling, oil development operations,
oil refining, quarrying or mining operations of any kind shall be permitted
upon or on any lot.  All mineral rights shall belong and shall continue to
belong to the limited partnership of Caldwell’s Creek, LTD.”

After
the restrictive covenants were recorded, Caldwell’s Creek, Ltd. divided the
land into lots and sold the lots to individual owners.  Caldwell’s Creek, Ltd.
executed the first of the nine deeds at issue in 1994 and the last in 1999.  The
warranty deeds that conveyed the property to the individual owners stated, “This
conveyance is made subject to any and all easements, restrictions, and mineral
reservations affecting said property that are filed for record in the office of
the County Clerk of Tarrant County, Texas.”  The deeds did not contain a
separate reservation of the mineral interest.  In October 2005, Caldwell’s
Creek, Ltd. purported to convey all of the oil, gas, and mineral rights to Farm
& Ranch by special mineral deed.  Caldwell’s Creek, Ltd. believed it had
retained the mineral rights to the Caldwell’s Creek Addition based on the
recorded restrictions and the statement in the lot owners’ deeds that conveyed
the property subject to any recorded restrictions.

Farm
& Ranch joined an organization of property owners in Colleyville called the
Colleyville Area Mineral Rights Association (CAMRA) to negotiate mineral
leases.  In 2008, CAMRA negotiated on behalf of Farm & Ranch for a mineral lease
with Titan.  Titan ultimately decided that Farm & Ranch did not hold the
mineral rights to the Caldwell’s Creek Addition and refused to sign the CAMRA lease. 
Instead, Titan contracted with the nine lot owners individually.

Titan
then filed suit against Farm & Ranch seeking a declaratory judgment that it
owns the mineral rights to the nine lots in the Caldwell’s Creek Addition.  Farm
& Ranch counterclaimed for breach of contract.  The nine lot owners were
later added to the case as third party defendants.  They also filed a claim for
declaratory judgment.  All parties then filed motions for summary judgment on
their respective claims.  After a hearing, the trial court granted Titan’s
motion and denied Farm & Ranch’s motion, and it declared, “Titan owns fee
simple determinable title to the minerals under these nine subject lots in the
Caldwell[’s] Creek subdivision pursuant to its oil and gas leases . . . .”[2] 
Farm & Ranch appealed.

Standard
of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).    When both parties move
for summary judgment and the trial court grants one motion and denies the
other, the reviewing court should review both parties’ summary judgment
evidence and determine all questions presented.  Mann Frankfort, 289
S.W.3d at 848; see Myrad Props., Inc. v. Lasalle Bank Nat’l Ass’n, 300
S.W.3d 746, 753 (Tex. 2009).  The reviewing court should render the judgment
that the trial court should have rendered.  Mann Frankfort, 289 S.W.3d
at 848.




Deed
Construction

Deeds
are construed to convey to the grantee the greatest estate possible.  Reeves
v. Towery, 621 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1981, writ ref’d
n.r.e.) (citing Waters v. Ellis, 158 Tex. 342, 347, 312 S.W.2d 231, 234
(1958)).  A general warranty deed conveys all of the grantor’s interest unless
there is language in the instrument that clearly shows an intention to convey a
lesser interest.  Id. (citing Cockrell v. Gulf Sulphur Co.,
157 Tex. 10, 15, 299 S.W.2d 672, 675 (1957)).  A reservation by implication in
favor of the grantor is not favored by courts.  Sharp v. Fowler, 151
Tex. 490, 494, 252 S.W.2d 153, 154 (1952); Reeves, 621 S.W.2d at 212.

Discussion

In Farm
& Ranch’s sole issue on appeal, it argues that the deed restrictions
reserved the mineral rights to Caldwell’s Creek, Ltd. and that the statement in
the lot owners’ deeds that conveyed the property subject to any recorded restrictions
means that Caldwell’s Creek, Ltd. conveyed only the surface estate to the lot
owners.

At
the time that Caldwell’s Creek, Ltd. filed the restrictions, it owned both the
mineral and surface rights to the Caldwell’s Creek land.  An owner cannot reserve
to himself an interest in property that he already owns, see Reeves, 621
S.W.2d at 213, and the restrictions did not convey any surface or mineral
estates to another party, see Moser v. U.S. Steel Corp., 676 S.W.2d 99,
101 (Tex. 1984) (“In Texas, the mineral estate may be severed from the surface
estate by a grant of the minerals in a deed or lease, or by reservation in a
conveyance.”).  Thus, the restrictions were not a reservation of the mineral
rights by Caldwell’s Creek, Ltd.[3]  The trial court so found
in its grant of declaratory relief.

Farm
& Ranch does not directly challenge the trial court’s finding but instead
argues that the restrictions and the deeds “must be read as an integrated
instrument of conveyance . . . .”  The deeds state, “This conveyance is made
subject to any and all easements, restrictions, and mineral reservations
affecting said property that are filed for record in the office of the County Clerk
of Tarrant County, Texas.”  Farm & Ranch argues that this “subject to”
language imports the language of the restrictions into the deed and is
constructive notice of the restrictions.  See Tex. Prop. Code Ann. § 13.002
(West 2004) (“An instrument that is properly recorded in the proper county is .
. . notice to all persons of the existence of the instrument.”); Westland
Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 908 (Tex. 1982) (“It
is well settled that ‘a purchaser is bound by every recital, reference
and reservation contained in or fairly disclosed by any instrument which forms
an essential link in the chain of title under which he claims.’”) (quoting Wessels
v. Rio Bravo Oil Co., 250 S.W.2d 668 (Tex. Civ. App.—Eastland 1952, writ
ref’d)).  But if the lot owners had looked back to the restrictions, they would
only have found an affirmative statement that Caldwell’s Creek, Ltd. did indeed
own the mineral rights in fee simple and were thus able to convey them to the
lot owners.

Farm
& Ranch argues that the phrase “shall continue to belong” “serves as a clear
reservation of mineral rights” in attempt to distinguish this case from Reeves,
in which the failed attempt at a reservation was a plat showing the conveyed
property with a portion marked “Reserved by Owner.”  See Reeves, 621
S.W.2d at 210.  It contends that the restrictions in this case are
distinguishable because “shall continue to belong” is a future-looking
statement that, once read into a deed at a later date, “can only mean that
we’re reserving it each and every time that we issue a deed in reference to or
subject to those restrictions.”  This argument first neglects both that the
restrictions are neither a lease nor an instrument of conveyance, and thus,
cannot reserve an interest, see Moser, 676 S.W.2d at 101, and
that an owner cannot reserve to himself an interest that he already owns, Reeves,
621 S.W.2d at 213.  Farm & Ranch cites no case holding that a statement
that does not rise to a reservation retroactively transmutes into a reservation
when referenced in a later deed, nor do we believe it to be so.  A reservation
must be made at the time of the conveyance or lease.  See id. at 212 (“It
is fundamental that a general warranty deed conveys all of the interest that a
grantor has in the land described therein unless there is language in the
instrument which clearly shows an intention to convey a lesser interest,
and there is not reserved to the grantor any interest in the land
conveyed, absent a clear and unequivocal intent to do so which is expressed
in the deed itself.”) (emphasis added).

Second,
we do not believe that the phrase “shall continue to belong” can only be
interpreted as a future reservation.  The trial court correctly interpreted it
to mean that nothing in the restrictions and reservations deprived Caldwell’s
Creek, Ltd. of its ownership of the mineral rights in the property.  Thus,
Caldwell’s Creek, Ltd. continued to possess the mineral rights and was
therefore able to convey them in future deeds.

Turning
to the language of the deeds conveying the property to the lot owners, Farm
& Ranch does not argue that anything in the deeds’ language is a separate
reservation of mineral interests in the deeds, only that the provision that
made the conveyance “subject to any and all easements, restrictions, and
mineral reservations affecting said property that are filed for record in the
office of the County Clerk of Tarrant County, Texas” reads the language of the
restrictions into the deeds.  As stated above, a general warranty deed conveys
all of the grantor’s interest unless there is language in the instrument that
clearly shows an intention to convey a lesser interest.  Waters, 158
Tex. at 347, 312 S.W.2d at 234; Reeves, 621 S.W.2d at 212.  The “subject
to” language in the lot owners’ deeds is not a clear intention to reserve or
except an interest from the conveyance.  See Wright v. E.P. Operating L.P., 978
S.W.2d 684, 688 (Tex. App.—Eastland 1998, pet. denied) (construing similar
language as a limitation of warranty).

In Wright,
Wright, the owner of a tract of land, executed a deed of trust pledging both
his surface and mineral rights as collateral on a loan.  Id. at 685.  Oliver
later assumed Wright’s loan in an agreement that expressly reserved the mineral
rights to Wright.  Id.  The bank approved the assumption and
reservation, and it also agreed not to foreclose on the minerals should Oliver
default on his payments.  Id.  When Oliver defaulted on the loan, the
bank erroneously foreclosed on both the surface and the minerals.  Id.
at 686.  The bank’s successor in interest (Oregon) later conveyed its interest
by special warranty deed that included language stating the conveyance was “subject
and subordinate to . . . [a]ny and all valid and subsisting leases,
reservations, [and] severances of any and all oil, gas[,] and minerals . . .
which are presently of record . . . including, without limitation, that certain
reservation of all oil, gas[,] and minerals . . . reserved by [Wright].”  Id.
 Our sister court held, as a matter of law, that

[t]he language
stating that the conveyances were made subject to any and all reservations
. . . does not reserve any mineral interest in Oregon’s predecessors in title,
but rather recognizes that reservations have been made in the past and are in
the chain of title.  This language is more in the form of limiting the warranty
than reserving an interest.

 

Id. at
688.  The court recognized that all the parties agreed that Oregon intended to
reserve the mineral rights, but it noted that the court’s duty is to “ascertain
what the language of the instrument says, not what the parties meant for it to
say.”  Id.; see also Reeves, 621 S.W.2d at 211 (“The
question to be answered in this case is not what the grantors may have intended
to say in the deed, but the meaning of what they did, in fact, say.”).

Farm
& Ranch argues that this construction renders the clause a nullity.  We do
not believe the “subject to” language is null, but it is a limitation of the
warranty.  See Wright, 978 S.W.2d at 688; see also Averyt
v. Grande, Inc., 686 S.W.2d 632, 634 (Tex. App.—Texarkana 1984) (citing Kokernot
v. Caldwell, 231 S.W.2d 528 (Tex. Civ. App.—Dallas 1950, writ ref’d)) (“As
used in conveyances, ‘subject to’ is a term of qualification and not of
contract.”), aff’d, 717 S.W.2d 891 (Tex. 1986).  That is, the “subject
to” language serves to protect Caldwell’s Creek, Ltd.’s warranty.  See Tex.
Indep. Exploration, Ltd. v. Peoples Energy Prod.-Tex., L.P., No.
04-07-00778-CV, 2009 WL 2767037, at *5 (Tex. App.—San Antonio Aug. 31, 2009, no
pet.) (mem. op.) (“The principal function of a ‘subject to’ clause is to
protect a grantor against a breach of warranty claim. Conveying land ‘subject
to’ defined interests is merely a means of providing notice of outstanding
interests that may affect a grantee’s title.”) (citations omitted); Averyt,
686 S.W.2d at 634 (“This clause [‘less, however, and subject to’] limits the
granting or conveyance of the mineral interest from Grande, Inc. to the
Fogelmans, thereby protecting the general warranty in the deed and avoiding an
estoppel situation . . . .”).  As our sister court explained in Stewman
Ranch, Inc. v. Double M. Ranch, Ltd., 192 S.W.3d 808, 811 (Tex. App.—Eastland
2006, pet. denied) (citations omitted),

The warranty clause
does not convey title nor does it determine the character of the
title conveyed.  Rather, it warrants that the same estate or any right, title,
or interest therein has not been conveyed to any person other than
the grantee and that the property is free from encumbrances.

 

See
also Petro Pro, Ltd. v. Upland Res., Inc., 279 S.W.3d 743, 750
(Tex. App.—Amarillo 2007, pet. denied) (noting that phrase “insofar and only
insofar,” “[l]ike the phrase ‘subject to,’” does not serve to limit the rights
conveyed or to reserve any rights).

Thus,
while Caldwell’s Creek, Ltd. may have intended to reserve the mineral rights,
it did not effectively do so.  See Johnson v. Conner, 260 S.W.3d 575,
578 (Tex. App.—Tyler 2008, no pet.) (holding that deed conveyed all mineral
interests, despite any intent not to do so, when it stated that “[n]one of the [mineral,
water, royalty, timber, or other interests] are available to be conveyed”
because that language was not an explicit reservation).  When Caldwell’s Creek,
Ltd. conveyed its interests to the lot owners without reservation, it conveyed its
interests in both the mineral and surface.  It conveyed those interests subject
to the previously recorded restrictions, but those restrictions were
insufficient to reserve the mineral interests.  See Miller v. Melde, 730
S.W.2d 12, 13 (Tex. App.—Corpus Christi 1987, no writ) (holding that a deed
noting that prior conveyances reserved and excepted interests in the mineral
estate conveyed the entire interest when there were no prior conveyances).  The
mineral interest thus passed to Titan, not to Farm & Ranch.  The trial
court did not err by granting Titan’s motion for summary judgment and denying
Farm & Ranch’s motion for summary judgment.  We overrule Farm & Ranch’s
sole issue.

Conclusion

Having
overruled Farm & Ranch’s sole issue, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and GABRIEL, JJ.

 

DELIVERED:  May 17, 2012








 









[1]The dedication stated,

All utility, sanitary sewer service, and emergency
access easements are hereby dedicated to the Public unless specifically stated
otherwise in the granting instruments filed of record.  However, Common Areas,
and Common Area Access Easements shall be for the use of the Lot Owners
encompassed herein and shall not be construed as being for the use of the
general public unless expressly stated in the granting instrument.





[2]The order did not grant
the lot owners’ motion for summary judgment.  However, the lot owners sought
essentially the same declaratory judgment as Titan, and on appeal, they joined
in and adopted Titan’s brief.





[3]We further note that the
restrictions were subject to change by a vote of 70% of the lot owners.  To
construe the restriction as a reservation of the mineral rights would mean that
the lot owners could vote to divest Caldwell’s Creek, Ltd. of its mineral
rights simply by voting it to themselves.