# NO. 12-11-00008-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GUY C. FISHER, JOE FISHER, JR.,* | *§* | *APPEAL FROM THE 273RD* |
| *ANNE WINSLOW, ROBERT DIES,* | | |
| *JOHN FISHER AND* | | |
| *KATHLEEN MUNGER,* | | |
| *APPELLANTS* | | |
| | | |
| *V.* | | |
| | | |
| *LEILA CLARK DOWNS WYNN, MARIE* | | |
| *CLARK CRAWFORD, EXA BELLE* | | |
| *CLARK MCDANIEL, HELEN BUTTS* | | |
| *TIPPS, SUE BUTTS MCEACHERN,* | | |
| *CATHERINE CREWS DEL VECCIO,* | *§* | *JUDICIAL DISTRICT COURT* |
| *JANET CREWS BARROW,* | | |
| *MARGARET JOE SEWELL LANGLEY,* | | |
| *ELINOR CREWS, TRUSTEE, SUSAN* | | |
| *FRY BRACKEN, ROBERT A. FRY, JR.,* | | |
| *SIM CREWS FRY, ANNE CROW* | | |
| *CROCKETT, JACQUELINE CROW* | | |
| *RUTTER, JAMES WILBURN* | | |
| *RAGSDALE, ROBERT E. SMITH,* | | |
| *MOLLY PATRICIA MCKINNEY,* | | |
| *POLLY A. WRIGHT AND RICHARD* | | |
| *WATKINS,* | | |
| *APPELLEES* | *§* | *SAN AUGESTINE,  TEXAS* |

---

### *MEMORANDUM OPINION*

This is a suit for declaratory judgment regarding construction of a warranty deed. The trial court granted Appellees' motion for summary judgment and denied Appellants' motion for summary judgment. Appellants urge one issue on appeal contending the trial court erred in granting Appellees' motion and in denying Appellants' motion. We affirm.

Robert Cade Downs, Jr., owned an undivided one-half interest in the surface and minerals in 1316.2 acres located in the Burditt, Bruce, Hereford, Sublett, and Williams Surveys in San Augustine County.  The other undivided one-half interest in the 1316.2 acres belonged to James Cade Downs and five other residuary legatees under the will of their father, Robert Cade Downs, Sr.

## The Partition

On June 15, 1977, the owners executed a partition agreement and deed dividing only the surface estate of the 1316.2 acres.  In the division, Robert Cade Downs received a separate interest in the surface of five tracts totaling 657 acres in the Bruce, Hereford, Sublett, and Williams Surveys.  James Cade Downs and the five other residuary legatees of Robert Cade Downs, Sr. received undivided interests in the surface of the remaining 659.2 acres situated in seven tracts in the Burditt Survey.  The mineral estate in the 1316.2 acres was expressly left undivided.

Under the partition deed, James Cade Downs received an undivided one-fifth interest in the surface of the 659.2 acres in the Burditt Survey.  Because the minerals were not partitioned, he owned an undivided one-tenth interest in the minerals under the entire 1316.2 acres located in five surveys.

## The 1979 Warranty Deed

In 1979, James Cade Downs signed and delivered a warranty deed to his cousin Kathleen Clark Fisher, another legatee of Robert Cade Downs Sr.  The granting clause (first paragraph) reads, in part, as follows:

> . . . I, James Cade Downs, . . . do grant, sell and convey unto the said Kathleen Clark Fisher . . . my undivided one-fifth (1/5th) interest in and to all those certain tracts . . . of land, situated in San Augustine County, Texas, out of and a part of the JESSE BURDITT SURVEY . . . [legal description and reference to attached Exhibit A follow].

The "subject to" clause (second paragraph) contains two sentences qualifying or elaborating on the grant by reference to the partition deed.  It also contains the "said minerals" phrase in controversy here, and reads as follows:

This conveyance is subject to the mineral reservations and exceptions made in the partition deed between Robert Cade Downs, Jr., et al., dated June 15, 1977 . . . , HOWEVER, out of this grant there is saved, excepted and reserved, one-half of my undivided interest in the oil, gas and other minerals in, to and that may be produced from the said lands for and during my natural life. . . . It is understood that in said partition deed so mentioned herein the surface estate was divided and the minerals were left undivided, and by this instrument I am conveying my undivided interest in *said minerals* unto the grantee herein . . . , subject to the above reserved life estate. . . .

(emphasis added). The habendum and warranty clause (third paragraph) contains no specific reference either to the grant in the first paragraph or to the "said lands" but refers to the premises that are "above described" and again to "the said premises." It reads in part:

TO HAVE AND TO HOLD the above described premises, except as above stated, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Kathleen Clark Fisher . . . , and I do hereby bind myself . . . to warrant and forever defend . . . the said premises unto the said Kathleen Clark Fisher . . . against every person whomsoever lawfully claiming or to claim the same or any part thereof.

## Procedural History

Appellants filed suit seeking a declaratory judgment that, based on its reference to the partition deed in the "subject to" clause, the warranty deed from James Cade Downs to Kathleen Clark Fisher conveyed all of James Cade Downs's undivided mineral interest that he received in the partition of the 1316.2 acres and not just his undivided interest in the surface and minerals in the Burditt Survey tract.

Appellees filed answers to Appellants' petition. Appellees Marie Clark Crawford and Exa Belle Clark McDaniel also filed a counterpetition seeking a declaratory judgment that the deed unambiguously conveyed James Cade Downs's interest in the Burditt Survey only. Alternatively, they alleged that if the reference to "said minerals" in the "subject to" or limiting clause rendered the warranty deed ambiguous, extrinsic evidence consisting of letters and inventories should be admitted to aid in the deed's construction. Extrinsic evidence, they contended, would show that, after the execution of the deed, Joe J. Fisher, husband of and agent for Kathleen Clark Fisher, attempted to buy James Cade Downs's mineral interest in the four other surveys, the same interest Appellants now claim they own.

Appellants moved for summary judgment on the ground that they are the owners of James Cade Downs's mineral interest in all of the tracts covered by the partition deed. Appellees Marie Clark Crawford and Exa Belle Clark McDaniel filed their motion for summary judgment requesting a declaration that the warranty deed conveyed James Cade Downs's mineral interest

in the Burditt Survey tract only. Appellees Anne Crow Crockett and Jacqueline Crow Rutter joined in this motion, as did Appellees Richard F. Watkins, Helen Butts Tipps, Sue Butts McEachern, James Wilburn Ragsdale, Robert E. Smith, Molly Patricia McKinney, and Polly A. Wright (the Watkins Appellees). All of the movants maintained the warranty deed was unambiguous. The Watkins Appellees, in their response to Appellants' motion, alternatively alleged that the warranty deed was ambiguous. They also submitted letters and an inventory of James Cade Downs's mineral interests made after the execution of the warranty deed showing that Kathleen Clark Fisher, through her husband, attempted to buy James Cade Downs's undivided mineral interest in the four other surveys. Therefore, they argue, a fact question existed and summary judgment for Appellants was improper.

The trial court found the warranty deed to be unambiguous and declared that it conveyed only James Cade Downs's interest in the Jesse Burditt Survey.

## SUMMARY JUDGMENT

In their sole issue, Appellants argue that the trial court erred in denying their summary judgment motion and granting Appellees' summary judgment motion. The resolution of this issue turns on whether the warranty deed dated May 24, 1979, from James Cade Downs to Kathleen Clark Fisher conveyed only the grantor's undivided interest in the surface and minerals in 659.2 acres in the Jesse Burditt Survey in San Augustine County described in the deed's granting clause and particularly described in Exhibit "A" attached thereto. Appellants contend that the "subject to" clause of the deed effected a conveyance of all of James Cade Downs's mineral interest in four other surveys by reference to the partition deed between James Cade Downs and others who were the joint owners of 1316.2 acres situated in five surveys of San Augustine County. Appellants interpret the phrase "said minerals" in the "subject to" clause to refer to all of James Cade Downs's undivided interest in the other minerals set out and left undivided in the partition deed (Burditt, Bruce, Hereford, Sublett, and Williams Surveys), and not simply to the minerals in the Burditt Survey described in the granting clause as Exhibit "A." Other than the reference to "said minerals," the warranty deed contains no description of the minerals Appellants claim were conveyed in the warranty deed from James Cade Downs to their predecessor in title, Kathleen Clark Fisher.

## Standard of Review

A trial court's decision granting summary judgment is reviewed de novo. ***Provident Life & Accident Ins. Co. v. Knott***, 128 S.W.3d 211, 215 (Tex. 2003). The trial court may grant a traditional motion for summary judgment if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548 (Tex. 1985). When, as here, both sides move for summary judgment on the same issue and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. ***Valence Operating Co. v. Dorsett***, 164 S.W.3d 656, 661 (Tex. 2005). If we determine that the trial court erred, we render the judgment the trial court should have rendered. ***Id***.

When an instrument is unambiguous and the dispositive facts are not in dispute, a court may grant summary judgment and render a declaratory judgment regarding the parties' rights under the instrument. *See* ***Barrand, Inc. v. Whataburger, Inc.***, 214 S.W.3d 122, 131-32 (Tex. App.–Corpus Christi 2006, pet. denied); ***TC Dallas #1, LP v. Republic Underwriters Ins. Co.***, 316 S.W.3d 832, 837 (Tex. App.–Dallas 2010, no pet.).

## Applicable Law

The question of whether an instrument is ambiguous is a question of law. ***Heritage Res., Inc. v. NationsBank***, 939 S.W.2d 118, 121 (Tex. 1996). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." ***SAS Inst., Inc. v. Breitenfeld***, 167 S.W.3d 840, 841 (Tex. 2005). An ambiguity does not arise simply because the parties advance conflicting interpretations of the contract. ***Columbia Gas Trans. Corp. v. New Ulm Gas***, 940 SW.2d 587, 589 (Tex. 1996). If the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous. ***Id.*** But if after we apply the relevant rules of construction, a contract can be given a definite legal meaning, the contract is unambiguous, and we construe it as a matter of law. ***Frost Nat'l Bank v. L & F Distributors, Ltd.***, 165 S.W.3d 310, 312 (Tex. 2005).

The first rule of construction is to ascertain and give effect to the parties' intentions as expressed in the document. ***Id***. at 311-12. "The intention is to be ascertained as expressed by the language used, and not the intention which may have existed in the [makers'] minds . . . , but

is not expressed by their language." *Slavens v. James*, 229 S.W.317, 318 (Tex. Comm'n App. 1921, judgm't adopted). In construing a deed to ascertain the parties' intention, the whole instrument must be looked to and all of its parts and all of its language given effect if possible. *Holloway's Unknown Heirs v. Whatley*, 133 Tex. 608, 614, 131 S.W.2d 89, 92 (1939). "The parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. Even if different parts of the deed appear contradictory or inconsistent, the court must strive to harmonize all of the parts, construing the instrument to give effect to all its provisions." *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991) (citations omitted). "The court should not strike down any part of the deed, unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part thereof." *Id.*

No single provision should be given controlling effect. *J. M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). However, the effort to harmonize all parts of an instrument does not require that every part of the deed be treated as of equal weight in the solution of every question. *Fleming v. Ashcroft*, 142 Tex. 41, 49, 175 S.W.2d 401, 406 (1943). Labels given the clauses of "granting," "warranty," "habendum" and "future lease" are not controlling, and the substance of unambiguous provisions should be given effect." *Luckel*, 819 S.W.2d at 463. "The relative positions of the different parts of the instrument are not necessarily controlling; the modern and sounder [view] being to ignore the technical distinctions between the various parts of the deed, and to seek the grantor's intention from them all without undue preference to any . . . ." *Reynolds v. McMan Oil & Gas Co.*, 11 S.W.2d 778, 781 (Tex. Comm'n App. 1928, holding approved).

Clauses that grant different interests in property do not create irreconcilable conflicts. *Benge v. Scharbauer*, 152 Tex. 447, 451-56, 259 S.W.2d 166, 168-70 (Tex. 1953). The intention of the parties, when ascertained, prevails over arbitrary rules. *Luckel*, 819 S.W.2d at 462.

**Discussion**

Appellants claim the warranty deed makes two grants, a grant of James Cade Downs's interest in the lands and minerals in Jesse Burditt Survey (subject to a life estate reserved in an undivided one-half of his minerals conveyed in the Jesse Burditt Survey), but also an entirely separate grant in the "subject to" clause of all his undivided interest in the minerals (with no reservation of a life estate) in the other four surveys left undivided in the partition deed. They

insist that the term "said minerals" in the second sentence of the "subject to" clause refers to and conveys all of Downs's undivided mineral interest in the other four surveys mentioned in the partition deed. Appellants invoke the doctrine of "last antecedent," a rule of grammar that a qualifying phrase "must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied." *Spradlin v. Jim Walter Homes*, 34 S.W.3d 578, 581 (Tex. 2000). Under this doctrine, they argue that "said minerals" must refer to the use of "minerals" immediately preceding it–the minerals mentioned in the partition deed.

Appellants argue that the purported second grant of all the minerals mentioned in the partition deed is equally effective, although it is not in the granting clause but in the "subject to" clause. They stress that a conveyance may occur in any of a number of clauses in a deed, and that, since *Luckel*, the granting clause is not necessarily controlling, and unambiguous provisions must be give effect. *Luckel*, 819 S.W.2d at 463. Appellants point out that clauses which grant separate interests in property do not create irreconcilable conflicts. *Benge*, 152 Tex. at 451-56, 259 S.W.2d at 168-70. They assert that the claimed subsequent grant of all the minerals in the other four sections does not conflict with or negate the initial grant of the Jesse Burditt land and minerals described at length in the granting clause. Appellants contend that, in failing to give effect to the second sentence of the "subject to" clause as a conveyance, the trial court ignored a cardinal canon of construction –that each and every provision of a deed must be given effect.

Finally, Appellants invoke two subsidiary canons of construction: (1) that a deed's language should be construed against the grantor, and (2) deeds should be read to convey the greatest estate possible to the grantee. *See Waters v. Ellis*, 158 Tex. 342, 346, 312 S.W.2d 231, 234 (1958); *Davis v. Andrews*, 361 S.W.2d 419, 423 (Tex. Civ. App.–Dallas 1962, writ ref'd n.r.e.).

Both sides contend the warranty deed is unambiguous. Appellees, however, alternatively maintain that the warranty deed is ambiguous and the court should resort to extrinsic evidence in construing the instrument. Appellees point to correspondence in the record that they say shows that, after the execution of the warranty deed from James Cade Downs to Kathleen Clark Fisher, Appellants' precedessor, Kathleen Clark Fisher, through her husband, negotiated to purchase from James Cade Downs his minerals in the other four surveys, minerals Appellants now claim had already been conveyed to her in the warranty deed.

We conclude, after an inquiry limited to its four corners, that the warranty deed is so worded that it can be given a definite legal meaning and hence, is not ambiguous. Therefore, we will construe the deed as a matter of law and without recourse to extrinsic evidence.

We are required to consider the entire instrument in order to ascertain the intention of the parties as expressed in the language of the document. *Frost*, 165 S.W.3d at 311-12. It is our duty, in construing the instrument, to strive to harmonize all of its parts in order to give each part effect consistent with the meaning intended by the parties. *Luckel*, 819 S.W.2d at 462.

Although not necessarily controlling, it is difficult to overlook that the lands in the Jesse Burditt Survey are the only lands specifically described in the warranty deed. They are described with great particularity in the granting clause as Exhibit "A." The warranty deed nowhere contains such a description of any of James Cade Downs's undivided interest in the minerals within the other four surveys mentioned in the partition deed, the mineral interests Appellants now contend Downs conveyed by the deed.

Appellants' claim to all of James Cade Downs's undivided interest in all of the other minerals set aside to him in the partition rests solely on their interpretation of "said minerals" in the second sentence of the "subject to" clause. Their interpretation depends upon a rigid application of the doctrine of "last antecedent." But the rule is not meant to be so strictly applied. In *Spradlin*, the case cited by Appellants for the doctrine, the court acknowledged that the doctrine of "last antecedent" was "neither inflexible nor controlling." *Spradlin*, 34 S.W.3d at 580. In the case cited for the doctrine in *Spradlin*, the supreme court rejected the application of the doctrine, cautioning that "[i]t should not be applied without regard to the language read as a whole." *See City of Corsicana v. Willman*, 147 Tex. 377, 379, 216 S.W.2d 175, 176 (1949). "It is not applicable when a further extension is clearly required by the intent and meaning of the context." *Id*. Read in context and in conjunction with the entire instrument, we believe that the phrase "said minerals" is an ordinary abbreviated reference to the minerals laboriously described in the granting clause. The sentence containing the phrase "said minerals" has an ordinary explanatory and limiting purpose, functions appropriate to a "subject to" clause. It clarifies that the partition deed addressed the surface only and that therefore Downs owned only an undivided one-tenth interest in the Burditt Survey minerals. This construction does not ignore that part of the deed containing the phrase "said minerals," but gives it the clarifying and limiting purpose the parties intended. Reading "said minerals" to refer to the minerals in the Burditt Survey,

described at length in the granting clause, gives the phrase a meaning consistent with and in harmony with the entirety of the warranty deed.

The two canons of construction relied upon by Appellants, the greatest estate canon and the construe against the grantee canon, are inapplicable in this case. Both are subordinate to the rule that every part of the deed should be harmonized and given effect to effectuate the intent of the parties. *See, e.g., **Hancock v. Butler***, 21 Tex. 804, 816 (1858); ***Arnold v. Ashbel Smith Land Co.***, 307 S.W.2d 818, 824 (Tex. Civ. App.–Houston 1957, writ ref'd n.r.e.). They should only be employed if, after harmonization has been attempted, the language remains in doubt. *Arnold*, 307 S.W.2d at 824. In this case, harmonization of all the parts of the instrument resolves any reasonable doubt as to the meaning intended by the parties; therefore, neither canon is applicable.

We conclude the trial court correctly found that the warranty deed from James Cade Downs to Kathleen Clark Fisher conveyed only the land and minerals in the Jesse Burditt Survey. The trial court did not err in denying Appellants' summary judgment motion and granting Appellees' summary judgment motion.

We overrule Appellants' sole issue.

## DISPOSITION

The trial court's judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered August 3, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals sitting by assignment.*

(PUBLISH)